UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:18-CV-23830-MORENO/LOUIS

YANIRA DIAZ RUBIO,

    Plaintiff,

v.

UNIVISTA HOLDINGS INC and
IVAN HERRERA, individually

    Defendants,
_____/

### DEFENDANTS' VERIFIED MOTION FOR SANCTIONS AGAINST PLAINTIFF AND HER COUNSEL FOR FILING AND PURSUING UNAUTHORIZED AND BASELESS LITIGATION

Defendants, UniVista Holdings Inc and Ivan Herrera, request that the Court impose sanctions pursuant to its inherent authority and 28 U.S.C. §1927 against Plaintiff and her counsel for not only filing, but also for pursuing this baseless litigation based on the following:

### I. INTRODUCTION

The Plaintiff in this case, Yanira Diaz Rubio, filed a federal lawsuit against Defendants, UniVista Holdings Inc and Ivan Herrera. [ECF No. 1.] Recently, Ms. Diaz Rubio testified in a state court case that she had not spoken to Mr. Naranjo in months, and that she had not worked for either of the named Defendants in this case within the three years immediately preceding the filing of the above-captioned lawsuit. Plaintiff's testimony establishes that her counsel filed this lawsuit without a legitimate basis in fact. Defendants, Univista Holdings and Ivan Herrera, take their reputations seriously, and this lawsuit has caused them to retain counsel and will forever blemish their reputations. The Court has the inherent power to sanction Plaintiff and her counsel

1

for initiating and pursuing this baseless claim, and Defendants implore this Court to levy the appropriate sanctions against Plaintiff and her counsel for their egregious behavior.

## II. FACTS

1. Ms. Diaz Rubio worked for UNIVISTA HOLDINGS INC (commonly referred to as "UniVista Holdings Corporate" and/or "UniVista Corporate") from February 19, 2015 until April 30, 2015.

2. Ms. Diaz Rubio did not complete her 90-day probationary period, and so her employment with UniVista Holdings ended on April 30, 2015. (Notice of Termination attached as Exhibit "A".)

3. Subsequently, on or about May 20th 2015, Ms. Diaz Rubio commenced employment as a Customer Service Representative with Baluja Insurance Corp., a franchisee of UniVista Insurance, and was terminated from her employment with Baluja Insurance Corp. on January 7, 2017.

4. On May 22, 2018, Baluja Insurance Corp., and UniVista Franchise, Corporation sued Ms. Diaz Rubio in the Circuit Court, in and for Miami-Dade County, for injunctive relief and for damages as a result of her violating a non-compete agreement, as well as her unscrupulous conduct during and after her employment. (Complaint attached as Exhibit "B".)

5. Alberto Naranjo, Esq. of the AN Law Firm, P.A. initially represented Ms. Diaz Rubio in defense of the lawsuit brought against her in the Circuit Court for Miami-Dade County until July 24, 2018 when new counsel commenced representing her. (Stipulation for Substitution attached as Exhibit "C".)

6. Thereafter, on September 17, 2018, Mr. Naranjo, Esq. A., filed the Complaint in this case on behalf of Ms. Diaz Rubio against UniVista Holdings Inc. and its owner, Ivan Herrera. [ECF No. 1.]

7. Therein, Ms. Diaz Rubio alleges that she worked for Defendants Univista Holdings and Ivan Herrera in a claim for unpaid overtime wages in the amount of $10,449.00 that she claims to have earned between May 20, 2015 and January 11, 2017. *Id.*

8. UniVista Holdings and Mr. Herrera proceeded to retain my firm, Carrera and Amador, P.A., to defend this case at a rate of $450 per hour.

9. We prepared and filed an Answer and Affirmative Defenses to the Complaint, wherein the First Affirmative Defense made clear that Ms. Diaz Rubio had not worked for the Defendants, UniVista Holdings and Mr. Herrera, during the three years prior to the filing of the Complaint. [ECF No. 6.]

Subsequently, on October 8, 2018, the undersigned deposed Ms. Diaz Rubio in prosecution of the claims of Baluja Insurance Corp against her in the Circuit Court case.

10. During her deposition, Ms. Diaz Rubio provided the following material testimony:

    a. That she had not been employed by either UniVista Holdings or Mr. Herrera since April 30, 2015;

    b. That she was not owed any wages, commissions, overtime pay, nor any other type of compensation by either defendant;

    c. That she was paid exactly for all the hours worked.

11. Diaz Rubio's testimony makes clear that this case should never have been filed.

12. As a result of the filing of the instant lawsuit, Mr. Herrera and UniVista Holdings were forced to retain counsel and mount a defense against frivolous claims that should never have been filed in the first place.

### III. ARGUMENT

This Court has various tools in its arsenal to reign in litigants and their counsel, which include both the Court's inherent power to impose sanctions and the use of 28 U.S.C. §1927 as a basis to impose sanctions against litigants and their counsel. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 42 (1991) (discussing the court's "inherent power" to impose sanctions.) This Court is present with the scenario in which it should employ such tools to address the conduct before it.

> Indeed, "[t]here are ample grounds for recognizing ... that in narrowly defined circumstances federal courts have inherent power to assess attorney's fees against counsel," *Roadway Express, supra,* 447 U.S., at 765, 100 S.Ct., at 2463, even though the so-called "American Rule" prohibits fee shifting in most cases. See *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 259, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975).

*Chambers*, 501 U.S. at 45.

This case presents a situation in which Alberto Naranjo, Esq. of the AN Law Firm, P.A., filed a lawsuit for FLSA overtime wages on behalf of Plaintiff, Yanira Diaz Rubio, without Ms. Diaz Rubio having worked for either of the Defendants during the three years immediately preceding the filing of the Complaint. *But see* 29 U.S.C. §255(a) ("a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued".) Ms. Diaz Rubio testimony will show that the statute of limitations expired before her Complaint was filed and that she is not owed any money by these Defendants. Under the circumstances presented, this Court must sanction Ms. Diaz Rubio and her counsel under its inherent authority and 28 U.S.C. §1927.

Section 1927's purpose is to deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs bear them. *Roadway Express v. Piper*, 447 U.S. 752, 762 (1980). To impose sanctions under this statute: (1) the attorney must engage in unreasonable and vexatious conduct; (2) that conduct must multiply the proceedings; and (3) the amount of the sanction must bear a "financial nexus to the excess proceedings." *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997).

The standard for imposing sanctions under § 1927 turns on the attorney's objective conduct as compared to how a reasonable attorney would have acted under the circumstances. *Norelus*, 628 F.3d at 1282. Objectively reckless conduct is sufficient to justify sanctions under § 1927 even if the attorney does not act knowingly and malevolently. *Id.* at 1291.

*Collar v. Abalux, Inc.*, 16-20872-CIV, 2018 WL 3328682, at *11 (S.D. Fla. July 5, 2018). The Court's authority to award sanctions pursuant to §1927 is broad:

> We have observed that a district court's authority to issue sanctions for attorney misconduct under § 1927 is either broader than or equally as broad as the district court's authority to issue a sanctions order under its inherent powers. *See Cordoba v. Dillard's, Inc.,* 419 F.3d 1169, 1178 n. 6 (11th Cir.2005). Therefore, we only examine whether the sanctions imposed here were a proper exercise of the discretion granted to the court under § 1927. If the sanctions were permissible under § 1927, then they were proper, and there is no need to examine whether the sanctions were also permissible under the court's inherent powers.

*Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007). Under the facts, this case should have not been brought – and it should not have been continued after Ms. Diaz Rubio's deposition. *See Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991) (citing *Collins v. Walden*, 834 F.2d 961, 965 (11th Cir. 1987) ("When it becomes apparent that discoverable evidence will not bear out the claim, the litigant and his attorney have a duty to discontinuetheir quest.")The standard for imposing sanctions turns on the attorney's objective conduct as compared with how a reasonable attorney would have acted under the circumstances. *Norelus v. Denny's Inc.*, 628 F.3d 1270, 1282 (11th Cir.2010). Objectively reckless conduct is sufficient to justify sanctions, even if theattorney does not act knowingly and malevolently. *Id.* at 1291.

The purpose of 28 U.S.C. §1927 is to deter frivolous litigation and abusive litigation practices by attorneys and to ensure that those whose actions result in otherwise unnecessary fees and costs bear them. *Roadway Express v. Piper*, 447U.S. 752 (1980). For sanctions to be awarded pursuant to §1927, three requirements must be met: (1) the attorney must engage in unreasonable and vexatious conduct; (2) that conduct must multiply the proceedings; and (3) the amount of the sanction must bear a "financial nexus to the excess proceedings."*Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997).

By way of background for the Court's consideration, Mr. Naranjo holds himself out as an attorney who practices employment litigation on his website: https://anlawfirm.com/. Furthermore, Mr. Naranjo's website contains an image whereby he further represents that he acted as a "Co-Chair" of a program put on by The Florida Bar's Labor and Employment Section:



https://anlawfirm.com/pay-now. In short, Mr. Naranjo should have known better.

By filing a federal lawsuit on behalf of Ms. Diaz Rubio, Mr. Naranjo must have first engaged in a reasonable investigation as to the basis for his client's claims and certified that he completed same by signing the Complaint. *See* Fed. R. Civ. P. 11(b). It necessarily follows that he also must have secured the authority to engage in the act of initiating and pursuing a federal lawsuit on behalf of Ms. Diaz Rubio. *See In re Engle Cases*, 283 F. Supp. 3d 1174, 1241 (M.D. Fla. 2017) (determining that lawyers who filed cases without their client's authorization "ought

to be sanctioned pursuant to 28 U.S.C. § 1927 for maintaining these cases in bad faith".)The evidence from Ms. Diaz Rubio in the form of her deposition testimony confirms that the Complaint in this case should have never been filed.

This Court's award of sanctions, when imposed based on several grounds, will not ordinarily be disturbed.

> When a district court cites multiple sources of authority for issuing sanctions, the appellate court's basic task in reviewing the sanctions is to determine whether the sanctions were permissible under at least one of those sources of authority. *See Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1365 (11th Cir.1997). If any one of the sources of authority invoked by the district court provides a sound basis for the sanctions, we must affirm the sanctions order.

*Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1238 (11th Cir. 2007).

Defendants, therefore, request that this Court consider the effect of their having to not only defend against a federal lawsuit, but also the fact that this case will forever be memorialized on Pacer.

In regards to the two bases upon which this Court is urged to sanction Plaintiff and her counsel, "A district court's authority to issue sanctions under section 1927 is either broader than or equally as broad as a court's authority to issue sanctions under its inherent powers."*See McDonough vs. City of Homestead*, 2018 WL 4620176, at *3 (S.D. Fla. Sept. 25, 2018) (citing *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1178 n.6 (11th Cir. 2005).)

### III. CONCLUSION

Defendants have been damaged as a result of the filing and prosecution of this case. They had to bear the expense of retaining the undersigned counsel to defend Ivan Herrera and UniVista Holdings Inc who will now have a record of having been sued. Defendants requests that the Court not only award them sanctions against Ms. Diaz Rubio and her counsel, but to also refer Mr. Naranjo to the Ad Hoc Committee on Attorney Admissions, Peer Review, and

Attorney Grievance and/or to The Florida Bar for filing and proceeding with this case under the facts presented.

## VERIFICATION

By my signature below, I execute this Declaration in Miami-Dade County, Florida and declare under penalty of perjury that the foregoing is true and correct.

Dated: October 17, 2018.

*s/*Juan M. Carrera, Esq.
Juan M. Carrera, Esq

## RULE 7.1 CERTIFICATION

Counsel for the movants conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion by asking that Ms. Diaz Rubio and her counsel dismiss this case with prejudice and agree to satisfy Defendants attorneys' and costs incurred in defense of this case, but they have failed to do so.

CARRERA & AMADOR, P.A.
*Counsel for Defendants*

*s/*Juan M. Carrera, Esq.
Juan M. Carrera, Esq.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was served through filing in the U.S. District Court's CM/EDF System on this 17th day of October, 2018, which will effect service on Alberto Naranjo, Esq., AN@ANLawFirm.com, AN LAW FIRM, P.A., *Counsel for Plaintiff*, 7900 Oak Lane #400, Miami Lakes, FL 33016, and on all others who appeared in this action.