Filing # 72490785 E-Filed 05/22/2018 12:28:15 PM

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

BALUJA INSURANCE CORP, d/b/a
UNIVISTA INSURANCE and                       GENERAL JURISDICTION DIVISION
UNIVISTA FRANCHISE CORPORATION,              CASE NO.:

      Plaintiffs,

vs.

YANIRA DIAZ RUBIO,
VIGIL INSURANCE SERVICES BEST CORP.,
And EDUARDO VIGIL,

      Defendants.

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF AND FOR DAMAGES

**COME NOW**, the Plaintiffs, **BALUJA INSURANCE CORP., d/b/a UNIVISTA INSURANCE**, a Florida corporation, and **UNIVISTA FRANCHISE, CORPORATION**, a Florida corporation, by and through the undersigned attorneys, and files this *Complaint for Injunctive Relief and for Damages* and as grounds, therefore, would state as follows:

1. This is an action for Injunctive Relief and For Damages in excess of *Fifteen Thousand ($15,000.00) Dollars* in amount and is within the jurisdiction of this Court.

2. Plaintiff, **BALUJA INSURANCE CORP**, is and at all times material hereto has been Florida corporation doing business in Florida as UNIVISTA INSURANCE.

3. Plaintiff, **UNIVISTA FRANCHISE, CORPORATION**, is, and at all times material hereto, has been, a Florida corporation which sells, manages and controls UNIVISTA insurance agency franchises throughout the State of Florida. (Both Plaintiffs shall be hereinafter referred to collectively as "**UNIVISTA**" or individually as "**BALUJA**" or "**UNIVISTA FRANCHISE**", as the case may be.)

# EXHIBIT "B"

BALUJA INSURANCE CORP., UNIVISTA FRANCHISE, CORPORATION
vs.   YANIRA DIAZ RUBIO, EDUARDO VIGIL and VIGIL INSURANCE
SERVICES BEST CORP.
*Complaint for Injunctive Relief and for Damages*

4. Defendant, **YANIRA DIAZ RUBIO**, (hereinafter referred to as "**DIAZ RUBIO** ") is and at all times material hereto has been a resident of Miami-Dade County, Florida and sui juris and a former employee of **BALUJA**. **DIAZ RUBIO** is also the president and/or the owner of **VIGIL INSURANCE SERVICES BEST CORP.**, a Florida corporation, which operates a competing business under the name of **JUST INSURANCE BROKERS**.

5. Defendant, **VIGIL INSURANCE SERVICES BEST CORP.**, (hereinafter referred to as "**VIGIL INSURANCE**") is, and at all times material hereto, has been a Florida corporation with its principal place of business located at 2217 North State Road 7, Hollywood, Florida 33021, doing business as an Insurance Agency, engaged in the business of selling insurance and a competitor of **UNIVISTA**.

6. Defendant, **EDUARDO VIGIL**, is, and at all times material hereto, is sui juris and is an Officer, and/or Owner of **VIGIL INSURANCE SERVICES BEST CORP.**, residing in Miami-Dade County, Florida, and has aided and abetted **DIAZ RUBIO** in violating the noncompete agreement which is the subject of this complaint.

7. Venue and jurisdiction are proper in this Court because the Defendants, **YANIRA DIAZ RUBIO** and **EDUARDO VIGIL**, are residents of Miami-Dade County, Florida, and the causes of action alleged herein accrued in Miami-Dade County, Florida.

8. All conditions precedent to the filing of this action have either been met waived and/or excused.

### FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. Plaintiffs bring this action from the breach of a Confidentiality and Noncompetition Agreement, by a former employee, the Defendant **DIAZ RUBIO**.

2

BALUJA INSURANCE CORP., UNIVISTA FRANCHISE, CORPORATION
vs.  YANIRA DIAZ RUBIO, EDUARDO VIGIL and VIGIL INSURANCE
SERVICES BEST CORP.
*Complaint for Injunctive Relief and for Damages*

10. Plaintiff, **BALUJA**, at all times material, owns and operates a UNIVISTA Insurance Franchise in Miami-Dade County Florida and, as such, is a member of UNIVISTA's franchise system which operate more than 90 insurance agencies, mostly concentrated within Miami-Dade and Broward counties, but also having presence throughout the State of Florida.

11. Plaintiff, **BALUJA**, as a Licensed Insurance Agency, and UNIVISTA, have developed important business relationships and contacts and have legitimate business interests properly protected under Section §542.335, Florida Statutes.  These interests include, but are not limited to, valuable confidential business and professional information, substantial relationships with specific car dealers, car salesmen, real estate brokers, businessmen and prospective or existing customers, customer  goodwill, and ongoing business goodwill, by way of a trade name and/or a specific marketing or trade area and specialized training.

12. To protect its legitimate business interests and its invaluable information and processes, **UNIVISTA** requires its employees to execute agreements restricting the use or disclosure of confidential information and further restricting solicitation of its customers, competition, and employment with its competitors.

13. Defendant **DIAZ RUBIO**, as a condition of her employment, on or about May 20, 2015, entered into a Confidentiality and Noncompetition Agreement (hereinafter referred to as "Non-Compete Agreement") with **UNIVISTA**. A copy of the Non-Compete Agreement is attached hereto and made a part hereof as Exhibit "A".   The Non-Compete Agreement between **DIAZ RUBIO** and **UNIVISTA** is a valid and enforceable contract.

14.  **UNIVISTA** has developed a substantial database of valuable confidential business

BALUJA INSURANCE CORP., UNIVISTA FRANCHISE, CORPORATION
vs.  YANIRA DIAZ RUBIO, EDUARDO VIGIL and VIGIL INSURANCE
SERVICES BEST CORP.
*Complaint for Injunctive Relief and for Damages*

information concerning its current and prospective customers/clients and vendors, including detailed and unique information concerning said customers/clients.

15.  **UNIVISTA** has also invested considerable amounts of time and money in developing and maintaining business relationships and goodwill with nationally recognized insurance carriers and with its current and prospective vendors and customers.

16.  **UNIVISTA** has expended considerable time and money in recruiting, training and retaining employees, including the Defendant **DIAZ RUBIO**.

17.  **UNIVISTA** has spent many years and considerable sums of money to develop its franchise system, its software, its business strategies and practices, procedures, techniques, pricing structure and business model.

18.  In order to protect its considerable investment in these valuable assets, **UNIVISTA** relies upon non-compete agreements to protect its trade secrets and to protect its valuable business relations and business interests.

19.  Defendant **DIAZ RUBIO** was hired by **BALUJA**, on May 20, 2015, as a Customer Sales Representative and held a 4-40 License, referred to as an entry-level customer service representative "CSR",[1] as a salaried employee and during her employment with **BALUJA**, she was trained to sell General Lines Insurance, (property and casualty) such as: automobile, watercraft, home, and motorcycle insurance, under the supervision of **BALUJA**, a licensed and appointed general lines agent.

---

[1] The 4-40 license is a Customer Service Representative license that allows a person to work in an insurance office under the direction and guidance of an insurance agent, i.e., a 2-20 licensee.

BALUJA INSURANCE CORP., UNIVISTA FRANCHISE, CORPORATION
vs.   YANIRA DIAZ RUBIO, EDUARDO VIGIL and VIGIL INSURANCE
SERVICES BEST CORP.
*Complaint for Injunctive Relief and for Damages*

20. At the time Defendant **DIAZ RUBIO** commenced her employment with **BALUJA**, she had limited experience in the insurance sales and had little or no knowledge of the franchise system nor of franchise ownership; however during her employment with **UNIVISTA, DIAZ RUBIO** acquired substantial experience in the specialized field of insurance sales and was able to develop valuable skills in the field, all based upon the assistance, training, and encouragement by **BALUJA**. Moreover, during the period of time that **DIAZ RUBIO** was employed with **BALUJA** she was able to obtain her insurance agents license commonly referred to as the 2-20 license, which enabled her, as will be shown below, to act as qualifying agent for the insurance agency business thereby facilitating her illegal competition against UniVista.[2]

21. Defendant **DIAZ RUBIO**, as part of her employment with **BALUJA,** was privy and had access to all of **UNIVISTA**'s proprietary information and confidential information, as described above, and as set forth in the Non-Compete Agreement.  Defendant **DIAZ RUBIO** was given access to **UNIVISTA**'s trade secrets, business model, pricing structures, and other proprietary and confidential business information, including, but not limited to, customer lists and contact information and marketing materials and information, all of which was obtained while Defendant **DIAZ RUBIO** was an employee of **BALUJA**. Further, Defendant **DIAZ RUBIO**, gained knowledge of the UNIVISTA franchise system and of the method and manner of franchise ownership and management while employed with **BALUJA.**

22. The Non-Compete Agreement executed by Defendant **DIAZ RUBIO** provided, among other terms, that: *"Accordingly, during Disclosee's relationship with the Company in*

---

[2] The 2-20 license is a "General Lines Agent License" and is the most comprehensive license for Property and Casualty insurance.

BALUJA INSURANCE CORP., UNIVISTA FRANCHISE, CORPORATION
    vs.  YANIRA DIAZ RUBIO, EDUARDO VIGIL and VIGIL INSURANCE
    SERVICES BEST CORP.
*Complaint for Injunctive Relief and for Damages*

*connection with the UniVista Business, and for a period of two (2) years thereafter, Disclosee*

*promises and covenants not to own, manage, control, train, be employed by, or supervise the*

*staff and/or owners of, or otherwise engage in, a competing business practice or insurance*

*business (to the extent allowed by law) within a radius of twenty (20) miles of any office of*

*Franchisor, the UniVista Business, or any other UniVista Insurance business locations or*

*franchisees." [3] See ¶ 5 of Non-Compete Agreement.*

　　　　23.  Specifically, Paragraph 5 of the Non-Compete Agreement provides as follows:

> 5.  <u>**Non-Competition Clause**</u>. **Due to the proprietary nature of the
> software, procedures and practices of the Franchisor, Disclosee
> acknowledges and agrees that Franchisor has a legitimate business
> interest and would be unable to protect Its Confidential Information,
> System and Marks against unauthorized use or disclosure and
> franchisor would be irreparably harmed and unable to encourage the
> free exchange of ideas and information of among its franchisees if
> Disclosee were permitted to engage in the acts prohibited under this
> Agreement.   Accordingly, during Disclosee's relationship with the
> Company in connection with the UniVista Business, and for a period
> of two (2) years thereafter, Disclosee  promises and covenants not to
> own, manage, control, train, be employed by, or supervise the staff or
> and/or owners of, or otherwise engage in, a competing business
> practice or insurance business(to the extent allowed by law) within a
> radius of twenty(20) miles of any office of Franchisor, the UniVista
> business, or any other UniVista Insurance business locations or
> franchises.**

　　　　24.  Plaintiffs have retained the undersigned counsel to file and prosecute the instant suit

and Plaintiffs are obligated to pay said firm a reasonable fee for their services rendered herein,

---

[3] The term "Company" as used in the Non-Compete Agreement is used to designate BALUJA, the term " Disclosee"
is used to designate DIAZ RUBIO.

BALUJA INSURANCE CORP., UNIVISTA FRANCHISE, CORPORATION
vs. YANIRA DIAZ RUBIO, EDUARDO VIGIL and VIGIL INSURANCE
SERVICES BEST CORP.
*Complaint for Injunctive Relief and for Damages*

for which Plaintiffs seek an award of fees and costs from Defendants, pursuant to the terms of the

subject Non-Compete Agreement and pursuant to Florida law.

25.  ¶ 9 (c) of the Non-Compete Agreement provides for recovery of attorney's fees and

costs, including, but not limited to, court costs, to the prevailing party in an action to enforce the

subject Non-Compete Agreement.  The Agreement states as follows:

> **c. Attorneys' Fees, Costs and Expenses.  In any action or proceeding to enforce this Agreement or arising out of or relating to the relationship between the parties, including any appeals or post judgment proceedings, the prevailing party shall be entitled to recover from the other party thereto the reasonable attorneys' fees, court costs, filing fees, publication costs and other expenses incurred by the prevailing party in connection therewith.**

## DIAZ RUBIO'S DECEPTIVE PRE-TERMINATION CONDUCT

26.  Defendant **DIAZ RUBIO**, while still employed with **BALUJA**, and during the

process of obtaining her 2-20 Insurance Agent's License, began developing a an illegal business

relationship with one of **UNIVISTA's** competitor, **JUST INSURANCE BROKERS**, a Florida

corporation, that competes with **UNIVISTA** in the field of retail insurance sales and which also

sells Insurance Franchises in Miami-Dade and Broward counties.

27.  In furtherance of the aforementioned illegal business relationship which Defendant

**DIAZ RUBIO** developed with **UNIVISTA'S** competitor, **JUST INSURANCE BROKERS**,

while still employed with **BALUJA**, and in complete and total disregard of the aforementioned

Non-Compete Agreement, **DIAZ RUBIO**, on or about November 30, 2016, created and/or

caused to be incorporated, a corporation, in Florida, which she named  **"VIGIL INSURANCE**

**SERVICES, CORP."** .

BALUJA INSURANCE CORP., UNIVISTA FRANCHISE, CORPORATION
vs.  YANIRA DIAZ RUBIO, EDUARDO VIGIL and VIGIL INSURANCE
SERVICES BEST CORP.
*Complaint for Injunctive Relief and for Damages*

28.   Pursuant to the official records of the Florida Department of State, Division of Corporations, Defendant **DIAZ RUBIO** filed Electronic Articles of Incorporation for **VIGIL INSURANCE SERVICES, CORP.,** identifying herself as President and the Co-Defendant, **EDUARDO VIGIL**, as Vice President. Copies of the Articles of Incorporation filed with the Florida Secretary of State on November 30, 2016 are attached hereto as Exhibit "B".

29.   As further evidence of **DIAZ RUBIO'S** unlawful relationship with **JUST INSURANCE BROKERS** and of her deliberate intent to compete against UniVista, on December 27, 2016, while still employed with **BALUJA, DIAZ RUBIO'S** newly formed company registered a Fictitious Name, also known as a "DBA", with the Florida Department of State, Division of Corporations, under **JUST INSURANCE BROKERS**. A copy of the Application for Registration of Fictitious Name, under registration number G16000139099, is attached hereto as Exhibit "C".

30. The Defendant **DIAZ RUBIO**, failed to return to work from a "vacation" and advised **BALUJA** that she would not be returning to work. Her employment with **BALUJA** was terminated on January 7, 2017.

### DIAZ RUBIO'S  COMPETITIVE POST-TERMINATION CONDUCT

31. Subsequent to her termination of employment, Defendant **DIAZ RUBIO**, on or about February 27, 2018, created another Florida corporation, **VIGIL INSURANCE SERVICES BEST CORP.**, (hereinafter referred to as "**JUST INSURANCE BROKERS**") and established herself as the President of said corporation. Copies of the Articles of Incorporation are attached hereto as Exhibit "D". Said corporation also registered the fictitious name of **JUST**

BALUJA INSURANCE CORP., UNIVISTA FRANCHISE, CORPORATION
vs.  YANIRA DIAZ RUBIO, EDUARDO VIGIL and VIGIL INSURANCE
SERVICES BEST CORP.
*Complaint for Injunctive Relief and for Damages*

**INSURANCE BROKERS.**   Copies of the Application for Fictitious Name, dated March 5, 2018, are attached hereto as Exhibit "E".

32.  The Defendant **DIAZ RUBIO**, in derogation of the restrictive covenants contained in the Non-Compete Agreement, not only established herself as the President of the competing business, but also became employed with the competitor insurance agency, became a franchisee of **JUST INSURANCE BROKERS** and currently, through her corporation, **VIGIL INSURANCE SERVICES BEST CORP.**, does business as **JUST INSURANCE BROKERS.**

33.  Defendant **DIAZ RUBIO'S** insurance agency, **JUST INSURANCE BROKERS**, is located within the 20-mile prohibited radius from **BALUJA** and **UNIVISTA's** franchisees and office locations.

34. Through her alter ego Corporation, **VIGIL INSURANCE SERVICES BEST CORP**, Defendant **DIAZ RUBIO** currently owns, manages and controls and is employed with/by the competitor insurance agency, to wit, **JUST INSURANCE BROKERS**, located at *2217 North State Road 7, Hollywood, Florida 33021*, which location is within the geographical restriction of the Non-Compete Agreement. The Defendants' **JUST INSURANCE BROKERS** agency is located approximately 2.4 miles from a **UNIVISTA** franchise business location, which UniVista Insurance franchise is located at 4539 Hollywood Blvd., Hollywood, Florida 33021.  Moreover, the subject **JUST INSURACE BROKER** insurance agency is located within the prohibited geographical area which encompasses an area between Miami-Dade County and Broward County, where in excess of Fifty-Nine (59) other UniVista franchise and business locations are located. A radius map and a list of UNIVISTA locations depicting the Defendant's competitive business within the protected territory is attached hereto as Exhibit "F".

BALUJA INSURANCE CORP., UNIVISTA FRANCHISE, CORPORATION
   vs.  YANIRA DIAZ RUBIO, EDUARDO VIGIL and VIGIL INSURANCE
   SERVICES BEST CORP.
*Complaint for Injunctive Relief and for Damages*

35. Defendant **DIAZ RUBIO**'s conduct, as herein described, is clearly prohibited by the terms of the subject Non-Compete Agreement.

36. Defendant **DIAZ RUBIO** is in violation the terms of the Non-Compete Agreement by owning, managing, controlling, and supervising a competitor insurance business, within a twenty (20) mile radius of **UNIVISTA**'s franchise locations and offices, within two (2) years of her termination from employment with **BALUJA.**

37. The Non-Compete Agreement, entered into by Defendant **DIAZ RUBIO**, provides for the remedies available to **UNIVISTA** in the event of a breach of the terms therein. Specifically, the Non-Compete Agreement provides, in part, as follows:

> ¶6.    <u>Remedies.</u>    The parties acknowledge and agree that the Confidential Information is a unique and valuable asset of Franchisor and that unauthorized disclosure or use of the Confidential Information will cause Franchisor and the Company irreparable harm and significant injury that may be difficult to ascertain. Accordingly, the parties understand and agree that, in addition to any other rights including the right to damages, Franchisor and/or the Company shall be entitled to equitable relief, in the event of any breach of this Agreement. In the event of a breach or threatened breach by Disclosee, Franchisor and/or the Company shall be entitled to injunctions restraining such breach, without being required to show any actual damage or to post any bond or other security, and/or to a decree for specific performance under this Agreement. Disclosee shall be responsible and held liable for any breach of this Agreement by its employees, agents, contractors or other representatives.

38. Due to Defendant **DIAZ RUBIO**'s wrongful actions, **UNIVISTA** has suffered, and will continue to suffer, irreparable injuries and significant compensatory damages. Given the present circumstances, Defendant **DIAZ RUBIO**, continues to cause **UNIVISTA** irreparable loss, damage and negative impact to **UNIVISTA**'s good will – all in direct violation of the Non-Compete Agreement.

BALUJA INSURANCE CORP., UNIVISTA FRANCHISE, CORPORATION
vs.  YANIRA DIAZ RUBIO, EDUARDO VIGIL and VIGIL INSURANCE
SERVICES BEST CORP.
*Complaint for Injunctive Relief and for Damages*

## COUNT I FOR TEMPORARY AND PERMANENT INJUNCTION

Plaintiffs, **BALUJA INSURANCE CORP.,** and **UNIVISTA FRANCHISE, CORPORATION,** sue Defendants, **DIAZ RUBIO, EDUARDO VIGIL** and **VIGIL INSURANCE SERVICES BEST CORP.,** and allege as follows:

39. This is an action seeking both temporary and permanent injunctive relief.

40. **UNIVISTA** re-alleges and incorporates the allegations contained in paragraphs 1 through 38 above, as if fully set forth herein.

41. Pursuant to the terms and provisions of the Non-Compete Agreement and under Florida law, **UNIVISTA** is entitled to an immediate emergency injunction against Defendant **DIAZ RUBIO** and any person or entity acting in concert with her.

42.. By reason of Defendant **DIAZ RUBIO's** breach of the Non-Compete Agreement, **UNIVISTA** has been and will continue to be irreparably injured, and has no adequate remedy at law.

43. Defendant **DIAZ RUBIO's** continued conduct, as described in the paragraphs above, unless and until enjoined by Order of this Court, will cause irreparable injury to **UNIVISTA.**

44. **UNIVISTA** has suffered, as a result of Defendant **DIAZ RUBIO** 's violation and her wrongful competition.

45. **UNIVISTA** has no adequate remedy at law because the amount of damage is impossible to determine and of a character that cannot be remedied by money.

46. **UNIVISTA** has a legitimate business interest in protecting its confidential and proprietary business information, and enforcing the restrictive covenants contained in the Non-

11

BALUJA INSURANCE CORP., UNIVISTA FRANCHISE, CORPORATION
vs.  YANIRA DIAZ RUBIO, EDUARDO VIGIL and VIGIL INSURANCE
SERVICES BEST CORP.
*Complaint for Injunctive Relief and for Damages*

Compete Agreement pursuant to Section 542.335(1)(b)(i)(5), Florida Statutes.

47. The restraints contained in the Non-Compete Agreement of two (2) years, as well as the geographic restrictions, are both reasonable and necessary to protect the legitimate business interests of **UNIVISTA** and are not overbroad pursuant to Florida Statutes § 542.335(1)(d)(1) (e).

48. Pursuant to the terms of the Non-Compete Agreement and Florida law, the Plaintiffs are entitled to immediate redress against Defendant **DIAZ RUBIO** who continues to violate the restrictive covenants contained in the Agreement.

49. There is a substantial likelihood that **UNIVISTA** will succeed on the merits of this Complaint based upon the fact that **DIAZ RUBIO** has clearly breached the Non-Compete Agreement. *Transunion Risk and Alternative Data Solution, Inc. v. Reilly,* 181 So. 3d at 551 (evidence that an enforceable covenant was breached supports a finding of likely success on the merits); *Smart Pharmacy, Inc. v. Viccari,* 2016 WL 3057379 at \*2 (same).

50. **UNIVISTA** has satisfied all conditions precedent to bringing these claims or they have been waived or otherwise excused.

51. **UNIVISTA** has retained the services of the undersigned counsel to represent them in this action and Defendant **DIAZ RUBIO** is obligated to pay all reasonable costs, expenses and attorney's fees.

52. Pursuant to Section 542.335(1)(k), Florida Statutes, and pursuant to the terms and provisions of the Non-Compete Agreement, **UNIVISTA** is entitled to an award of reasonable expenses, costs and attorneys' fees it incurred in bringing and prosecuting this action.

53. That a temporary injunction will serve the public interest.

BALUJA INSURANCE CORP., UNIVISTA FRANCHISE, CORPORATION
vs. YANIRA DIAZ RUBIO, EDUARDO VIGIL and VIGIL INSURANCE
SERVICES BEST CORP.
*Complaint for Injunctive Relief and for Damages*

54. This Court has the power to issue temporary and permanent injunctions based on the terms and conditions of the Non-Compete Agreement which is the subject of this Complaint and pursuant to the consent to such remedy in the event of a violation of the agreement. See Exhibit "A" at ¶ 4, as well as Section 542.335, Florida Statutes.

55. Unless a temporary injunction is granted, **UNIVISTA** is subject to immediate and irreparable harm as a result of **VIGIL INSURANCE SERVICES BEST CORP., EDUARDO VIGIL** and **DIAZ RUBIO'S** conduct and actions in light of the restrictive covenants in **UNIVISTA's** Non-Compete Agreement. **UNIVISTA** is in need of an emergency injunction and by virtue of this Complaint, Plaintiff establishes a *prima facie* case supporting such relief.

56. **UNIVISTA** has established irreparable i n j u r y and an inadequate remedy at law. Section 542.335, Fla. Stat.; *Reliance Wholesale, Inc,* v. *Godfrey,* 51 So.3d at 566 (normal remedy of enforcement of a non-compete is injunctive relief because of the "inherently difficult" task of determining what damage is caused by the employee's breach).

57. The granting of an emergency injunction will allow the Court to consider the merits of the matter while maintaining the status quo. The enforcement of the Non-Compete Agreement is in the public interest. *See Telemundo Media, LLC v. Mintz,* 194 So. 3d 434, 436 (Fla. 3d DCA 2016) (public has an interest in the protection and enforcement of contractual rights).

58. As hereinbefore stated with respect to the request for an injunction and as stated hereinafter, **D I A Z   R U B I O** violated, and continues to violate, the Non-Compete

BALUJA INSURANCE CORP., UNIVISTA FRANCHISE, CORPORATION
vs.  YANIRA DIAZ RUBIO, EDUARDO VIGIL and VIGIL INSURANCE
SERVICES BEST CORP.
*Complaint for Injunctive Relief and for Damages*

Agreement with **UNIVISTA** and its provisions.

59. Additionally, upon information and belief, **VIGIL INSURANCE SERVICES BEST CORP., EDUARDO VIGIL** and **DIAZ RUBIO** have, could and/or are, using confidential and proprietary information, including, but not limited to, customer lists and contact information, marketing information, obtained by **DIAZ RUBIO** while an employee of **UNIVISTA.**

60. Based upon the facts described herein, **VIGIL INSURANCE SERVICES BEST CORP., EDUARDO VIGIL** and **DIAZ RUBIO** are in a position to use the confidential and proprietary information described above to directly compete with **UNIVISTA.**

61. **DIAZ RUBIO**'s conduct, as described herein, is prohibited by her Agreement with **UNIVISTA.**

62. **DIAZ RUBIO**'s experience, knowledge, training and use of **UNIVISTAS'** confidential and proprietary information has or will cause **UNIVISTA** irreparable harm.

63. Defendants **DIAZ RUBIO, VIGIL INSURANCE SERVICES BEST CORP.,** as her alter ego, and **EDUARDO VIGIL,** as the person who has aided and abetted her, will benefit from using the training and skills provided to **DIAZ RUBIO** by **UNIVISTA** and use this information for the benefit in the new company to unlawfully lure **UNIVISTA's** current customers and vendors away from **UNIVISTA** and in doing so will also divert **UNIVISTA's** customers away , which will damage and cause harm to **UNIVISTA's** operations.

64. **UNIVISTA** is threatened with losing current customers and, therefore, substantial revenues.

14

BALUJA INSURANCE CORP., UNIVISTA FRANCHISE, CORPORATION
vs.   YANIRA DIAZ RUBIO, EDUARDO VIGIL and VIGIL INSURANCE
SERVICES BEST CORP.
*Complaint for Injunctive Relief and for Damages*

65. UNIVISTA has a legitimate business interest in protecting its market share in the State of Florida, and its confidential and proprietary information and trade secrets.

66. UNIVISTA has lost and will continue to lose profits and goodwill as a result of the wrongful competition of DIAZ RUBIO, VIGIL INSURANCE SERVICES BEST CORP., and EDUARDO VIGIL.

67. UNIVISTA retained the services of the undersigned counsel to represent it in this action and is obligated to pay all reasonable costs, expenses, and attorneys' fees.

68. Pursuant to sections 542.335(1) and 688.005, Florida Statutes, UNIVISTA, and pursuant to the signed Agreement, is entitled to recover its reasonable costs, expenses, and attorneys' fees from DIAZ RUBIO .

WHEREFORE, UNIVISTA prays that the Court:

a. Enter a preliminary and a permanent injunction, for a period of two (2) years from the date of the Court Order, restraining and prohibiting DIAZ RUBIO, VIGIL INSURANCE SERVICES BEST CORP., and EDUARDO VIGIL from continuing to be engaged in the active conduct of business of insurance sales, in violation of the Non-Competition Agreement;

b. Prohibit DIAZ RUBIO, VIGIL INSURANCE SERVICES BEST CORP., and EDUARDO VIGIL, from the directly or indirectly, soliciting or otherwise attempting to induce, by combining or conspiring with, or attempting to do so, or in any other manner influence any employee, officer, director, agent, consultant, representative, supplier, contractor or distributor of UNIVISTA to terminate or modify his or her position with, or to compete against, UNIVISTA;

15

BALUJA INSURANCE CORP., UNIVISTA FRANCHISE, CORPORATION
vs.  YANIRA DIAZ RUBIO, EDUARDO VIGIL and VIGIL INSURANCE
SERVICES BEST CORP.
*Complaint for Injunctive Relief and for Damages*

c. Prohibit **DIAZ RUBIO, VIGIL INSURANCE SERVICES BEST CORP.**, and **EDUARDO VIGIL**, from engaging in the active conduct of the business of insurance, or any business competitive with the business of **UNIVISTA**, in violation of the geographic restrictions in the Non-Compete Agreement and from:

(i) utilizing, disclosing or transferring in any way **UNIVISTA's** confidential and/or proprietary information as defined in the Agreement, for any purpose;

(ii) utilizing in any way or furnishing to any third-party and of the confidential and/or proprietary information misappropriated by Defendants from **UNIVISTA**, including extracts or copies thereof;

(iii) soliciting or attempting to solicit business of any clients, customers and/or employees of **UNIVISTA** using **UNIVISTA's** confidential and/or proprietary information;

(iv) servicing or accepting any business from clients or customers of **UNIVISTA** acquired by **DIAZ RUBIO, VIGIL INSURANCE SERVICES BEST CORP.**, and **EDUARDO VIGIL**, by reason of prior improper solicitation using **UNIVISTA's** confidential and/or proprietary information;

d. Order **DIAZ RUBIO, VIGIL INSURANCE SERVICES BEST CORP.**, and **EDUARDO VIGIL**, to pay **UNIVISTA's** reasonable expenses, costs and attorney's fees pursuant to the Non-Competition Agreement and pursuant to Section 542.335(1), Florida Statutes, incurred in bringing and prosecuting this action;

BALUJA INSURANCE CORP., UNIVISTA FRANCHISE, CORPORATION
vs.   YANIRA DIAZ RUBIO, EDUARDO VIGIL and VIGIL INSURANCE
SERVICES BEST CORP.
*Complaint for Injunctive Relief and for Damages*

   e.   Order that **Defendants** pay pre- and post-judgment interest; and,

   f.   Grant any such other relief as the Court deems just and proper.

## COUNT II
## BREACH OF CONTRACT AGAINST DIAZ RUBIO

Plaintiffs, **BALUJA INSURANCE CORP.,** and **UNIVISTA FRANCHISE, CORPORATION,** sue Defendant **DIAZ RUBIO** and allege as follows:

69. This is an action for Breach of Contract against Defendant **DIAZ RUBIO** for damages in excess of $15,000 and is within the jurisdiction of this Court.

70. **UNIVISTA** re-alleges and incorporates each and every allegation contained in paragraphs numbered 1 through 38 as though fully set forth herein.

71. As a condition of her employment with **BALUJA, DIAZ RUBIO,** knowingly and voluntarily executed the agreement containing confidentiality and noncompetition provisions and she confirmed her understanding of the conditions of her employment by signing documents agreeing that she would not compete, disclose or utilize **UNIVISTAS'** business information in violation of company policy or to compete with **UNIVISTA** in any way for a specific period of time and a specific geographical location.

72. The Non-Compete Agreement between **UNIVISTA** expressly prohibits **DIAZ RUBIO** from competing with **UNIVISTA** either by herself or with another person or entity.

73. **DIAZ RUBIO** has breached, and continues to breach, the terms of the Non-Competition agreement, by directly competing with **UNIVISTA,** individually and via **JUST INSURANCE BROKERS,** by actively assisting in the recruiting of current **UNIVISTA'**

BALUJA INSURANCE CORP., UNIVISTA FRANCHISE, CORPORATION
vs.   YANIRA DIAZ RUBIO, EDUARDO VIGIL and VIGIL INSURANCE
SERVICES BEST CORP.
*Complaint for Injunctive Relief and for Damages*

customers and by interfering with UNIVISTA's business relationships of which **DIAZ RUBIO**

became aware of while being employed with **BALUJA.**

74.    Further, **DIAZ RUBIO** has intentionally and materially breached the Non-

Competition, Non-Disclosure, and Confidentiality provisions of the Non-Compete Agreement,

by, among other deliberate actions, creating, incorporating, forming, organizing, owning,

managing ,operating and working with/for **JUST INSURANCE BROKERS**  and assisting in

the soliciting of current UNIVISTA' customers.

75. **UNIVISTA** performed and/or complied with all of the terms and conditions of the

Non-Compete Agreement, including any and all conditions precedent to the relief sought herein.

76. As a result of **DIAZ RUBIO**'s breach of the Non-Compete Agreement, **UNIVISTA**

has suffered damages in excess of $15,000.00.    These damages include and/or will include, but

are not limited to, loss of revenue, delay of revenue, loss of customers and injury to reputation.

77. Pursuant to the terms of the Non-Compete Agreement, **UNIVISTA** is entitled to an

award of its reasonable expenses, costs and attorneys' fees it incurred in bringing and prosecuting

this Count.

WHEREFORE, UNIVISTA prays that the Court:

    i.   Order **DIAZ RUBIO** to pay damages for each day or part thereof that

        **DIAZ RUBIO** continues to violate any restrictive covenant contained in

        the Non-Compete Agreement, or any other breach of the provisions in the

        Agreement;

    ii.   Order judgment against **DIAZ RUBIO** for compensatory, incidental and

        consequential damages in an amount to be determined at the trial of this

BALUJA INSURANCE CORP., UNIVISTA FRANCHISE, CORPORATION
vs.  YANIRA DIAZ RUBIO, EDUARDO VIGIL and VIGIL INSURANCE
SERVICES BEST CORP.
*Complaint for Injunctive Relief and for Damages*

action, but not less than $15,000.00;

iii.  Order **DIAZ RUBIO** to pay **UNIVISTA'** reasonable expenses, costs and attorneys' fees pursuant to Section 542.335(1), Florida Statutes, and pursuant to the terms of the Non-Compete Agreement, incurred in bringing and prosecuting this action;

iv.  Order that **DIAZ RUBIO** pay pre- and post-judgment interest; and

v.  Grant any such other relief as the Court deems just and proper.

## COUNT III:
## TORTUOUS INTERFERENCE WITH CONTRACTUAL RELATIONSHIPS

Plaintiffs, **BALUJA INSURANCE CORP.,** and **UNIVISTA FRANCHISE, CORPORATION,** sue Defendant **VIGIL INSURANCE SERVICES BEST CORP.,** and allege as follows:

78.  **UNIVISTA** re-alleges and incorporates the allegations set forth in paragraphs numbers 1 through 38 above as though fully set forth herein.

79.  **UNIVISTA** had a contractual relationship with **DIAZ RUBIO** who created and now owns and operates the competing insurance business described above, **VIGIL INSURANCE SERVICES BEST CORP.,** under the fictitious name of **JUST INSURANCE BROKERS.**

80.  Defendant **VIGIL INSURANCE SERVICES BEST CORP.,** had knowledge of the contractual relationship between **UNIVISTA** and **DIAZ RUBIO** and despite said knowledge, continued to employ and/or do business with **DIAZ RUBIO** despite knowing said relationship violated the terms of **DIAZ RUBIO'S** non-compete agreement with **UNIVISTA.**

BALUJA INSURANCE CORP., UNIVISTA FRANCHISE, CORPORATION
       vs.  YANIRA DIAZ RUBIO, EDUARDO VIGIL and VIGIL INSURANCE
       SERVICES BEST CORP.
*Complaint for Injunctive Relief and for Damages*

81. Defendant **VIGIL INSURANCE SERVICES BEST CORP.,** facilitated and/or assisted **DIAZ RUBIO'S** breach of her Non-Compete Agreement by maintaining **DIAZ RUBIO'S** participation as owner, manager, and/or as President of the Defendant Corporation and as the Qualifying Agent for the company under her 2-20 insurance license.

82. Defendant **VIGIL INSURANCE SERVICES BEST CORP.,** intentionally interfered with **UNIVISTA**, with actual knowledge of the contractual relationship between Defendant **DIAZ RUBIO** and **UNIVISTA.**

83. The interference by Defendant **VIGIL INSURANCE SERVICES BEST CORP.,** is unjustified and as a direct and proximate result of said interference, **UNIVISTA** has suffered and will suffer damages, including but not limited to, loss of clients /customers and loss of profits.

**WHEREFORE,** Plaintiff **UNIVISTA** demands entry of judgment against Defendant **VIGIL INSURANCE SERVICES BEST CORP.,** in the amount of its damages, costs, prejudgment interest and all such other relief as this Court may deem just and proper.

**COUNT VI**
**TORTUOUS INTERFERENCE WITH  CONTRACTUAL RELATIONSHIPS**

Plaintiffs, **BALUJA  INSURANCE  CORP.,** and **UNIVISTA  FRANCHISE, CORPORATION,** sue Defendant **EDUARDO VIGIL**  and alleges as follows:

84. **UNIVISTA** re-alleges and incorporates the allegations set forth in paragraphs numbers 1 through 38 above as though fully set forth herein.

85. **UNIVISTA** had a contractual relationship with **DIAZ RUBIO,** who created and now owns and operates the competing business described above, **VIGIL INSURANCE SERVICES**

BALUJA INSURANCE CORP., UNIVISTA FRANCHISE, CORPORATION
vs.  YANIRA DIAZ RUBIO, EDUARDO VIGIL and VIGIL INSURANCE
SERVICES BEST CORP.
*Complaint for Injunctive Relief and for Damages*

**BEST CORP.**, jointly and severally with Defendant **EDUARDO VIGIL**, under the fictitious name of **JUST INSURANCE BROKERS**.

86. Defendant **EDUARDO VIGIL** had knowledge of the contractual relationship between **UNIVISTA** and **DIAZ RUBIO** and despite said knowledge, continued to employ and/or did business and established a business relationship with **DIAZ RUBIO** despite knowing said relationship aided and abetted her in violating the terms of **DIAZ RUBIO'S** Non-Compete Agreement with **UNIVISTA**.

87. Defendant **EDUARDO VIGIL** facilitated and/or assisted **DIAZ RUBIO'S** breach of her Non-Compete Agreement by maintaining **DIAZ RUBIO'S** participation as owner, manager, and/or as President of the Defendant Corporation and as the Qualifying Agent for the company under her 2-20 insurance license.

88. Defendant **EDUARDO VIGIL** intentionally interfered with **UNIVISTA**, with actual knowledge of the contractual relationship with Defendant **DIAZ RUBIO**.

89. The interference by Defendant **EDUARDO VIGIL** is unjustified and as a direct and proximate result of said interference, **UNIVISTA** has suffered and will damages, including, but not limited to, loss of clients /customers and loss of profits.

**WHEREFORE**, Plaintiff **UNIVISTA** demands entry of judgment against Defendant **EDUARDO VIGIL** in the amount of its damages, costs, prejudgment interest and all such other relief as this Court may deem just and proper.

## COUNT V - UNJUST ENRICHMENT

Plaintiffs, **BALUJA INSURANCE CORP.**, and **UNIVISTA FRANCHISE, CORPORATION**, sue Defendant **DIAZ RUBIO** and allege as follows:

BALUJA INSURANCE CORP., UNIVISTA FRANCHISE, CORPORATION
vs.  YANIRA DIAZ RUBIO, EDUARDO VIGIL and VIGIL INSURANCE
SERVICES BEST CORP.
*Complaint for Injunctive Relief and for Damages*

90. This is an action for unjust enrichment and for damages and is within the jurisdiction of this Court.

91. **UNIVISTA** re-alleges and incorporates the allegations set forth in paragraphs numbers 1 through 38 above as though fully set forth herein.

92. **UNIVISTA's** proprietary and confidential information possessed by **DIAZ RUBIO** has economic value and thus constitutes an economic benefit conferred upon **DIAZ RUBIO** by **UNIVISTA** with the understanding that **DIAZ RUBIO** would not transfer that economic benefit to herself or to a **UNIVISTA** competitor.

93. **DIAZ RUBIO** voluntarily accepted and retained the benefit conferred and has no legal right to be enriched through the transfer of that economic benefit to herself, as well as **UNIVISTA's** competitors.

94. **UNIVISTA** is entitled to recoup from **DIAZ RUBIO** any amounts by which **DIAZ RUBIO** is unjustly enriched as a consequence of using, disclosing or transferring that economic benefit to herself or others.

95. The circumstances are such that it would be unjust for **DIAZ RUBIO** to retain the benefits conferred upon her without paying the value thereof to **UNIVISTA.**

96. Defendant **DIAZ RUBIO's** retention of the benefits conferred is without justification.

**WHEREFORE, UNIVISTA** prays that the Court:

A.    Order judgment against **DIAZ RUBIO** for compensatory, incidental and consequential damages in an amount to be determined at the trial of this action, but not less than $15,000.00;

BALUJA INSURANCE CORP., UNIVISTA FRANCHISE, CORPORATION
vs.  YANIRA DIAZ RUBIO, EDUARDO VIGIL and VIGIL INSURANCE
SERVICES BEST CORP.
*Complaint for Injunctive Relief and for Damages*

    B.     Order **DIAZ RUBIO** to pay **UNIVISTA**'s reasonable expenses, costs and attorney's fees pursuant to Section 542.335(1), Florida Statutes, incurred in bringing and prosecuting this action;

    C.     Order that **DIAZ RUBIO** pay pre- and post-judgment interest; and,

    D.     Grant any such other relief as the Court deems just and proper.

<u>COUNT VI - UNJUST ENRICHMENT</u>

Plaintiffs, **BALUJA INSURANCE CORP.,** and **UNIVISTA FRANCHISE, CORPORATION,** sue **VIGIL INSURANCE SERVICES BEST CORP.,** and allege as follows:

97. This is an action for unjust enrichment and for damages, against **VIGIL INSURANCE SERVICES BEST CORP.,** and is within the jurisdiction of this Court.

98. **UNIVISTA** re-alleges and incorporates the allegations set forth in paragraphs numbers 1 through 38 above as though fully set forth herein.

99. **UNIVISTA's** , goodwill, business contacts customers and prospective customers and proprietary and confidential information possessed by **VIGIL INSURANCE SERVICES BEST CORP.,** has economic value and thus constitutes an economic benefit conferred upon it by **UNIVISTA** .

100.   **VIGIL INSURANCE SERVICES BEST CORP.,** voluntarily accepted and retained the benefit conferred and has no legal right to be enriched through the transfer of that economic benefit to itself.

101. **UNIVISTA** is entitled to recoup from **VIGIL INSURANCE SERVICES BEST CORP.,** any amounts by which **VIGIL INSURANCE SERVICES BEST CORP.,** is unjustly

BALUJA INSURANCE CORP., UNIVISTA FRANCHISE, CORPORATION
vs.   YANIRA DIAZ RUBIO, EDUARDO VIGIL and VIGIL INSURANCE
SERVICES BEST CORP.
*Complaint for Injunctive Relief and for Damages*

enriched as a consequence of using, disclosing or transferring that economic benefit to itself or others.

102. The circumstances are such that it would be unjust for **VIGIL INSURANCE SERVICES BEST CORP.,** to retain the benefit conferred upon it without paying the value thereof to **UNIVISTA.**

    **WHEREFORE, UNIVISTA** prays that the Court:

    A.    Order judgment against **VIGIL INSURANCE SERVICES BEST CORP** for compensatory, incidental and consequential damages in an amount to be determined at the trial of this action, but not less than $15,000;

    B.    Order **VIGIL INSURANCE SERVICES BEST CORP** to pay **UNIVISTA's** reasonable expenses, costs and attorney's fees pursuant to Section 542.335(1), Florida Statutes, incurred in bringing and prosecuting this action;

    C.    Order that **VIGIL INSURANCE SERVICES BEST CORP** pay pre- and post-judgment interest; and,

    D.    Grant any such other relief as the Court deems just and proper.

**COUNT VII - UNJUST ENRICHMENT**

Plaintiffs, **BALUJA INSURANCE CORP.,** and **UNIVISTA FRANCHISE, CORPORATION,** sue Defendant **EDUARDO VIGIL** and alleges as follows:

103. This is an action for unjust enrichment and for damages, against Defendant **EDUARDO VIGIL** in excess of $15,000 in amount and is within the jurisdiction of this Court.

104. **UNIVISTA** re-alleges and incorporates the allegations set forth in paragraphs numbers 1 through 38 above as though fully set forth herein.

24

BALUJA INSURANCE CORP., UNIVISTA FRANCHISE, CORPORATION
vs.  YANIRA DIAZ RUBIO, EDUARDO VIGIL and VIGIL INSURANCE
SERVICES BEST CORP.
*Complaint for Injunctive Relief and for Damages*

105.  **UNIVISTA's** good will, business relationships, customers and prospective customers and business contacts and proprietary and confidential information possessed by Defendant **EDUARDO VIGIL** has economic value and thus constitutes an economic benefit conferred upon Defendant **EDUARDO VIGIL** by **UNIVISTA**.

106.  Defendant **EDUARDO VIGIL** has no legal right to be enriched through the transfer of that economic benefit to himself, as well as **UNIVISTA's** competitors.

107.  **UNIVISTA** is entitled to recoup from Defendant **EDUARDO VIGIL** any amounts by which Defendant **EDUARDO VIGIL** is unjustly enriched as a consequence of using, disclosing or transferring that economic benefit to itself or others.

**WHEREFORE, UNIVISTA** prays that the Court:

A.  Enter judgment against Defendant **EDUARDO VIGIL** for compensatory, incidental and consequential damages in an amount to be determined at the trial of this action, but not less than $15,000;

B.  Order **EDUARDO VIGIL** to pay **UNIVISTA's** reasonable expenses, costs and attorney's fees pursuant to Section 542.335(1), Florida Statutes, incurred in bringing and prosecuting this action;

C.  Order that **EDUARDO VIGIL** pay pre- and post-judgment interest; and,

D.  Grant any such other relief as the Court deems just and proper.

## COUNT VIII
## TORTIOUS INTERFERENCE WITH ADVANTAGEOUS BUSSINESS RELATIONS

BALUJA INSURANCE CORP., UNIVISTA FRANCHISE, CORPORATION
vs.   YANIRA DIAZ RUBIO, EDUARDO VIGIL and VIGIL INSURANCE
SERVICES BEST CORP.
*Complaint for Injunctive Relief and for Damages*

Plaintiffs, **BALUJA INSURANCE CORP.**, and **UNIVISTA FRANCHISE, CORPORATION**, sue Defendant **DIAZ RUBIO, EDUARDO VIGIL** and **VIGIL INSURANCE SERVICES BEST CORP.**, and allege as follows:

108. At all times material hereto, **UNIVISTA** has, and has had, existing and prospective advantageous business relationships with its customer and business relationships and goodwill.

109. Upon information and belief, and at all times material hereto, Defendants were and are aware of **UNIVISTA's** advantageous business relationships with its business contacts, clients, and customers. The identity of such individuals and entities is known to **DIAZ RUBIO** only by virtue of her former employment with **BALUJA** and by virtue of her role as a trusted employee and fiduciary.

110. Upon information and belief, and at all material times hereto, by utilizing this information and/or other confidential and proprietary information owned by **UNIVISTA**, Defendants have unfairly solicited **UNIVISTA** business relations, clients, customers and prospective clients and has knowingly, intentionally and maliciously interfered with such business relationships to their benefit and to the extreme detriment of **UNIVISTA**.

111. Defendants have acted without justification or privilege in so interfering with **UNIVISTA's** advantageous business relationships and their conduct as described herein was designed to disrupt the economic relationships between **UNIVISTA** and its clients, customers and business relations, and indeed, some of the relationships were disrupted as a result of Defendant's interference, and that prospective customers and prospective business relations have declined to do business with **UNIVISTA** as a result of the conduct of the Defendants.

112. By reason of **Defendant's** tortious interference with **UNIVISTA's** advantageous

26

BALUJA INSURANCE CORP., UNIVISTA FRANCHISE, CORPORATION
vs.   YANIRA DIAZ RUBIO, EDUARDO VIGIL and VIGIL INSURANCE
SERVICES BEST CORP.
*Complaint for Injunctive Relief and for Damages*

business relationships, **UNIVISTA** has been damaged.   These damages include, but are not limited to, loss of revenue, delay of revenue, loss of customer and injury to reputation.

113.   By reason of **Defendant's** tortious interference with **UNIVISTA's** advantageous business relationships, **UNIVISTA** has been and will continue to be irreparably injured.

WHEREFORE, **UNIVISTA** prays that the Court:

a)   Enter judgment against Defendants for compensatory, incidental and consequential damages in an amount to be determined at the trial of this action, but not less than $15,000;

b)   Order Defendants to pay **UNIVISTA's** reasonable expenses, costs and attorney's fees pursuant to Section 542.335(1), Florida Statutes, incurred in bringing and prosecuting this action;

c)   Order that Defendants pay pre- and post-judgment interest; and,

d)   Grant any such other relief as this Court deems just and proper.

## BREACH OF FIDUCIARY DUTY AND DUTY OF LOYALTY

Plaintiffs,   **BALUJA   INSURANCE   CORP.,**   and   **UNIVISTA   FRANCHISE, CORPORATION,**  sue Defendant **DIAZ RUBIO**  and allege as follows:

114.   **UNIVISTA** re-alleges and incorporates the allegations set forth in paragraphs numbers 1 through 38 above as though fully set forth herein.

115.   **DIAZ RUBIO** has and had a fiduciary duty and duty of loyalty to **UNIVISTA** that survives the termination of her employment with **UNIVISTA**.

116.   At all times material hereto, **DIAZ RUBIO** had a fiduciary duty based upon a

27

BALUJA INSURANCE CORP., UNIVISTA FRANCHISE, CORPORATION
vs.  YANIRA DIAZ RUBIO, EDUARDO VIGIL and VIGIL INSURANCE
SERVICES BEST CORP.
*Complaint for Injunctive Relief and for Damages*

special relationship between **DIAZ RUBIO** and **UNIVISTA** created by the Agreement and the special relationship between the parties and **DIAZ RUBIO's** role as a "trusted employee".

117.   As a result, **UNIVISTA** placed its confidence in **DIAZ RUBIO** which was knowingly and voluntarily accepted by **DIAZ RUBIO**.

118.   **UNIVISTA** placed its trust and confidence in the hands of **DIAZ RUBIO**.

119.   **DIAZ RUBIO** accepted and subsequently betrayed this confidence for her own benefit and profit including the threatened opening and eventual opening of the competing business within the prohibited geographical location.

120.   **DIAZ RUBIO's** use and/or disclosure of **UNIVISTA's** proprietary and confidential information constitutes a breach of fiduciary duty and duty of loyalty to **UNIVISTA**.

121.   By reason of **DIAZ RUBIO's** breach of fiduciary duty and duty of loyalty, **UNIVISTA** has been damaged.  These damages include, but are not limited to, loss of revenue, delay of revenue, loss of customers and injury to reputation.

122.   By reason of **DIAZ RUBIO's** breach of fiduciary duty and duty of loyalty, **UNIVISTA** has been and will continue to be irreparably injured, and has no adequate remedy at law.

**WHEREFORE, UNIVISTA** prays that the Court:

a)   Enter an injunction prohibiting **DIAZ RUBIO** from, for a period of two (2) years from the date of the Court's Order, engaging in the active conduct of business of Insurance sales, or any business competitive with the business of **UNIVISTA** within the restricted area and from soliciting any person, firm or corporation was or is a client/customer and/or employee of **UNIVISTA** from:

BALUJA INSURANCE CORP., UNIVISTA FRANCHISE, CORPORATION
vs.  YANIRA DIAZ RUBIO, EDUARDO VIGIL and VIGIL INSURANCE
SERVICES BEST CORP.
*Complaint for Injunctive Relief and for Damages*

    i.   utilizing, disclosing or transferring in any way **UNIVISTA's** confidential and/or proprietary information as defined in the Non-Compete Agreement, for any purpose;

    ii.   utilizing in any way or furnishing to any third-party and of the confidential and/or proprietary information misappropriated by **DIAZ RUBIO** from **UNIVISTA**, including extracts or copies thereof;

    iii.   Soliciting or attempting to solicit business of any clients/customers and/or employees of **UNIVISTA** using **UNIVISTA's** confidential and/or proprietary information;

    iv.   Servicing or accepting any business from clients/customers of **UNIVISTA** acquired by **DIAZ RUBIO** by reason of prior improper solicitation using **UNIVISTA's** confidential and/or proprietary information;

b.   Order judgment against **DIAZ RUBIO** for compensatory, incidental and consequential damages in an amount to be determined at the trial of this action, but not less than $15,000.00;

c.   Order **DIAZ RUBIO** to pay **UNIVISTA's** reasonable expenses, costs and attorney's fees pursuant to Section 542.335(1), Florida Statutes, incurred in bringing and prosecuting this action;

d.   Order that **DIAZ RUBIO** pay pre- and post-judgment interest; and,

e.   Grant any such other relief as the Court deems just and proper.

BALUJA INSURANCE CORP., UNIVISTA FRANCHISE, CORPORATION
vs.   YANIRA DIAZ RUBIO. EDUARDO VIGIL and VIGIL INSURANCE
SERVICES BEST CORP.
_Complaint for Injunctive Relief and for Damages_

Dated: May 20th 2018.

> _Respectfully submitted,_
>
> **CARRERA & AMADOR, P.A**
> Attorneys for Plaintiffs
> 221 S.W. LeJeune Road
> Third Floor
> Miami, Florida  33134
> Tel: (305) 441-1544
> Primary Email: JuanCarreraLaw@aol.com
> Secondary Email: cgamadorLaw@aol.com
>
> By:  _/s/ Juan M. Carrera_____
> **JUAN M. CARRERA, ESQ.**
> Fla. Bar No. 353191

30

EXHIBIT C TO FRANCHISE AGREEMENT
CONFIDENTIALITY/NON-COMPETITION AGREEMENT

This Non-Disclosure and Non-Competition Agreement ("**Agreement**") is made and entered into this _20_ day of _May_, 20_15_ (the "**Effective Date**"), by and between BALUJA INSURANCE CORP. ("**Company**"), UNIVISTA FRANCHISE CORP. ("**Franchisor**"), and _Yanira Diaz Rubio_ ("**Disclosee**"), as of the date written above.

<u>RECITALS</u>

A.      Franchisor owns the rights to and has granted the Company the non-exclusive license to use the "UNIVISTA INSURANCE" trademarks, trade names, service marks and logos ("**Marks**"), the business systems identified by such Marks (the "**System**"), and certain confidential information, for the operation of the Company's franchised UniVista Insurance Business ("**UniVista Business**").

B.      In connection with Disclosee's employment or engagement by the Company in connection with the UniVista Business, Disclosee will receive access to and become acquainted with certain confidential and/or proprietary information of Franchisor. As a condition to receiving this confidential and/or proprietary information, and as a material inducement for the Company and Franchisor to disclose Franchisor's confidential and/or proprietary information to Disclosee, and for other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged by Disclosee, Disclosee agrees to be bound by the following representations, warranties and covenants, to be effective, during and at all times after Disclosee's affiliation with the Company and the UniVista Business:

<u>TERMS AND CONDITIONS</u>

1.      <u>Recitals.</u>   The recitals contained herein are true and correct and are incorporated herein by reference.

2.      <u>Confidential Information.</u>   As used in this Agreement, "**Confidential Information**" includes, without limitation, various trade secrets, inventions, innovations, processes, software programs, know-how, information, records and specifications owned or licensed by Franchisor, its affiliated companies and its franchisees, and/or used by Franchisor, its affiliates or its franchisees, in connection with the System or the operation of UniVista Business, including, without limitation, Franchisor's and its affiliates' business, product processes, methods, formulas, plans, customer lists, accounts, procedures and techniques, confidential manuals, advertising and marketing techniques, procedures and techniques, operational and quality assurance procedures, identities of current and prospective customers of the UniVista Business, and any other confidential and proprietary information of Franchisor or otherwise obtained by Disclosee which are based on or derived from, or which contain or reflect, any Confidential Information, regardless of the form in which such information is communicated, recorded or maintained.

Confidential Information shall not include information otherwise described above that Disclosee can establish: (a) is or becomes generally available to or known by the public (other than as a result of the unauthorized disclosure, directly or indirectly, by Disclosee or any of its employees, agents or advisors); (b) is or becomes available to Disclosee or any of its employees, agents or advisors on a non-confidential basis from a source other than the Company or Franchisor, provided that such source is not and was not bound by a confidentiality and/or nondisclosure agreement with, or other similar obligation to, the Company or Franchisor; or (c) has been independently acquired or



PLAINTIFF'S
EXHIBIT

_A_

PENGAD 800-631-6989

developed by Disclosee or any of its employees, agents or advisors without violating any of Disclosee's obligations under this Agreement.

  3. <u>Confidentiality.</u>  The Confidential Information shall be held and treated by Disclosee in utmost and strictest confidence.  The Confidential Information shall not, without the prior written consent of the Company and Franchisor, be disclosed by Disclosee in any manner whatsoever, in whole or in part.   Disclosee agrees that he or she will not disclose any of the Confidential Information, directly or indirectly, or use any of the Confidential Information in any manner, and at any time, other than for the specific purpose of performing chiropractic services, if applicable, management or administrative services at and in connection with the UniVista Business as required in the course of Disclosee's relationship with the Company.  Each employee, agent or advisor of Disclosee to whom Confidential Information is disclosed shall be obligated to hold said information in confidence and otherwise to comply with the terms of this Agreement. Disclosee shall diligently monitor all access to Confidential Information, and upon request by the Company or Franchisor, Disclosee shall promptly furnish a list of individuals with access to the Confidential Information.

  In the event that Disclosee becomes legally compelled or required to disclose any of the Confidential Information to a third party by order of a court or other authority of competent jurisdiction, Disclosee shall provide the Company and Franchisor with notice as far in advance as practicable so that the Company and/or Franchisor may seek a protective order or other appropriate remedy and/or waive compliance with the provisions of this Agreement, in the sole discretion of Franchisor.  In any event, Disclosee will furnish only that portion of the Confidential Information which it is legally required to furnish.

  Disclosee shall immediately advise the Company and Franchisor in writing if it learns of any unauthorized use or disclosure of Confidential Information by Disclosee, its employees, agents or advisors.

  4. <u>Ownership and Return of Information.</u>  The parties acknowledge and agree that all Confidential Information disclosed (including all Franchisor manuals) is confidential and proprietary to Franchisor and shall remain the exclusive property of Franchisor.  At the request of Franchisor, Disclosee shall promptly return or destroy any and all Confidential Information including all copies thereof, on any storage medium whatsoever, in its possession or in the possession of any of its employees, agents or advisors and will not retain any copies or other reproductions in whole or in part of such material.  **All manuals must be returned to Franchisor and may not leave the UniVista Business without prior permission. Absolutely no copies of manuals may be made.**

  5. <u>Non-Competition Clause.</u>  Due to the proprietary nature of the software, procedures and practices of Franchisor, Disclosee acknowledges and agrees that Franchisor has a legitimate business interest and would be unable to protect its Confidential Information, System and Marks against unauthorized use or disclosure and Franchisor would be irreparably harmed and unable to encourage the free exchange of ideas and information among its franchisees if Disclosee were permitted to engage in the acts prohibited under this Agreement. Accordingly, during Disclosee's relationship with the Company in connection with the UniVista Business, and for a period of two (2) years thereafter, Disclosee promises and covenants not to own, manage, control, train, be employed by, or supervise the staff and/or owners of, or otherwise engage in, a competing business practice or insurance business (to the extent allowed by law) within a radius of twenty (20) miles of any office of Franchisor, the UniVista Business, or any other UniVista Insurance business locations or franchises.

  6. <u>Remedies.</u>  The parties acknowledge and agree that the Confidential Information is a

48

unique and valuable asset of Franchisor and that unauthorized disclosure or use of the Confidential Information may cause Franchisor and the Company irreparable harm and significant injury that may be difficult to ascertain. Accordingly, the parties understand and agree that, in addition to any other rights including the right to damages, Franchisor and/or the Company shall be entitled to equitable relief, in the event of any breach of this Agreement. In the event of a breach or threatened breach by Disclosee, Franchisor and/or the Company shall be entitled to injunctions restraining such breach, without being required to show any actual damage or to post any bond or other security, and/or to a decree for specific performance under this Agreement. Disclosee shall be responsible and held liable for any breach of this Agreement by its employees, agents, contractors or other representatives.

7.   Representations.

a.   Disclosee represents, warrants, and confirms that the restrictions contained in this Agreement are fair and reasonable and not the result of overreaching, duress, or coercion of any kind. Disclosee further acknowledges, represents, warrants, and confirms that his or her full, uninhibited and faithful observance of each of the covenants contained in this Agreement will not cause any undue hardship, financial or otherwise, and that the enforcement of each of the covenants contained in this Agreement will not impair his or her ability to practice medicine commensurate with his or her abilities on terms fully acceptable to Disclosee or otherwise to obtain income required for his or her comfortable support and of his or her family, and the satisfaction of the needs of his or her creditors.

b.   Disclosee acknowledges and confirms that his or her special knowledge of Franchisor's System and the UniVista Business (and anyone acquiring such knowledge through Disclosee) is such as would cause Franchisor, its affiliates, its franchisees and the Company serious injury and loss if Disclosee (or anyone acquiring such knowledge through Disclosee) were to use such ability and knowledge to the detriment of Franchisor, its affiliates, its franchisees and the Company.

c.   The Agreement neither creates nor is intended to imply the existence of an employment contract and does not represent a promise or representation of employment or continued employment. Nothing in this Agreement shall change the nature of Disclosee's business relationship with the Company and/or affiliates.

8.   Survival.  The confidentiality, non-disclose, and non-competition provisions of this Agreement shall survive and apply after Disclosee's business relationship with the Company in connection with the UniVista Business has terminated.

9.   Miscellaneous

a.   Binding Effect.  This Agreement shall be binding upon and inure to the benefit of the parties and their respective successors and assigns. Notwithstanding the foregoing, neither party, except Franchisor, may assign its rights or obligations under this Agreement.

b.   Non-Waiver.  No delay or failure by either party to exercise any right under this Agreement, and no partial or single exercise of that right, shall constitute a waiver of that or any other right, unless otherwise expressly provided herein.  No waiver of any provisions of this Agreement shall be effective unless it is in writing, signed by the party against whom it is asserted and any such written waiver shall only be applicable to the specific instance to which it relates and shall not be deemed to be a continuing or future waiver.

49

     c.     <u>Attorneys' Fees, Costs and Expenses.</u>  In any action or proceeding to enforce this Agreement or arising out of or relating to the relationship between the parties, including any appeals or post judgment proceedings, the prevailing party shall be entitled to recover from the other party thereto the reasonable attorneys' fees, court costs, filing fees, publication costs and other expenses incurred by the prevailing party in connection therewith.

     d.     <u>Venue, Jurisdiction and Governing Law.</u>  This Agreement shall be interpreted, construed and enforced in accordance with the laws of the State of Florida.  Venue for any litigation involving this Agreement or the relationship between the parties shall be Miami-Dade County, Florida.  The parties agree to submit to the exclusive jurisdiction of the courts of Miami-Dade County, Florida.

     e.     <u>Rule of Construction.</u>  The terms and conditions set forth in this Agreement are the product of mutual draftsmanship and/or review by the parties hereto, each having the opportunity to be represented by counsel.  Any ambiguities in this Agreement or any agreement prepared or to be prepared pursuant to or in connection with this Agreement shall not be construed against any one party because of the draftsmanship.  The Agreement shall be interpreted in a neutral fashion consistent with the intent of the parties as stated herein.

     f.     <u>Notices.</u> Any notice, request, demand, instruction, or other communication to be given to any party to this Agreement, shall be in writing and shall be sent to the address below either by: e-mail; hand delivery; Federal Express or other reputable courier service, and shall be deemed effective on the date that delivery is documented to have first been attempted.

<u>If to Franchisor:</u>
UniVista Franchise Corp.
8476 SW 40th Street, Suite 201
Miami, Florida 33155

<u>With a copy to:</u>
Robert Zarco, Esq.
Zarco Einhorn Salkowski & Brito, P.A.
Miami Tower
100 S.E. 2nd Street, 27th Floor
Miami, Florida 33131
Email:  rzarco@zarcolaw.com

<u>If to the Company:</u>

_____
_____
_____
_____
Email: _____@_____

<u>With a copy to:</u>

_____
_____

<u>If to Disclosee:</u>

50

_____
_____
_____
_____
Email: _____ @ _____

With a copy to:

_____
_____
_____

     Unless and until written notice of a change of address is given in writing and received, the addresses as provided on the signature pages herein shall be deemed to continue in effect for all purposes. The addresses for the purposes of this section may be changed by giving written notice hereunder.

     g.   <u>Modification of Agreement and Merger.</u>  This Agreement, including any exhibits attached hereto and made part hereof, constitutes the entire agreement of the parties with respect to the subject matter hereof. This Agreement may not be supplemented, modified or revised in any manner except by a single writing signed by all parties hereto, no additional consideration required. There are no prior or contemporaneous oral promises, representations or agreements not set forth herein inducing entry into this Agreement and all prior negotiations, discussions, statements and representations are merged into this Agreement. The provisions of this paragraph cannot be modified by conduct, oral agreement or written agreement, unless signed by all parties hereto.

     h.   <u>Authority to Sign.</u>  By signing this Agreement, each party represents and warrants to all other parties that its execution of this Agreement is duly authorized in accordance with applicable laws relating to such parties, that this Agreement is fully enforceable according to its terms against such executing party and that the individual executing on any corporation's behalf has the requisite power and authority to do so.

     IN WITNESS WHEREOF, the parties hereto have executed this Agreement on the date first written above.

Franchisor: UNIVISTA FRANCHISE CORP.        Disclosee: _____

                                               Yainira Díaz

_____
By:
As:

The Company: _Baluja Insurance Corp_

_____
By: Yosbel Baluja
As: President

51

Detail by Entity Name

Page 2 of 3

# Detail by Entity Name

Florida Profit Corporation
VIGIL INSURANCE SERVICES, CORP.

Filing Information

| | |
|---|---|
| **Document Number** | P16000095076 |
| **FEI/EIN Number** | NONE |
| **Date Filed** | 11/30/2016 |
| **Effective Date** | 11/30/2016 |
| **State** | FL |
| **Status** | INACTIVE |
| **Last Event** | ADMIN DISSOLUTION FOR ANNUAL REPORT |
| **Event Date Filed** | 09/22/2017 |
| **Event Effective Date** | NONE |

Principal Address

1946 TYLER STREET
HOLLYWOOD,, FL 33020

Mailing Address

4381 NW 5TH STREET
MIAMI DADE, FL 33126

Registered Agent Name & Address

DIAZ, YANIRA
4381 NW 5TH STREET
MIAMI DADE, FL 33126

Officer/Director Detail

Name & Address

Title PRES

DIAZ, YANIRA
4381 NW 5TH STREET
MIAMI DADE, FL 33126

Title VPRE

VIGIL, EDUARDO
4381 NW 5TH STREET
MIAMI DADE, FL 33126

Annual Reports

No Annual Reports Filed

Document Images

11/30/2016 -- Domestic Profit | View image in PDF format



PLAINTIFF'S EXHIBIT
B
PENGAD 800-631-6989

# Electronic Articles of Incorporation
## For

VIGIL INSURANCE SERVICES, CORP.

P16000095076
FILED
November 30, 2016
Sec. Of State
tchang

The undersigned incorporator, for the purpose of forming a Florida
profit corporation, hereby adopts the following Articles of Incorporation:

## Article I
The name of the corporation is:

VIGIL INSURANCE SERVICES, CORP.

## Article II
The principal place of business address:

1946 TYLER STREET
HOLLYWOOD,, FL. US  33020

The mailing address of the corporation is:

4381  NW 5TH STREET
MIAMI DADE, FL. US  33126

## Article III
The purpose for which this corporation is organized is:

ANY AND ALL LAWFUL BUSINESS.

## Article IV
The number of shares the corporation is authorized to issue is:

100 STOCK SHARES AT $1.00 PAR VALUE

## Article V
The name and Florida street address of the registered agent is:

YANIRA  DIAZ
4381 NW 5TH STREET
MIAMI DADE, FL.  33126

I certify that I am familiar with and accept the responsibilities of
registered agent.

Registered Agent Signature:  YANIRA DIAZ

P16000095076
FILED
November 30, 2016
Sec. Of State
tchang

## Article VI

The name and address of the incorporator is:

EDUARDO VIGIL
4381 NW 5TH STREET

MIAMI DADE, FLORIDA  33126-5467

Electronic Signature of Incorporator:   EDUARDO VIGIL

I am the incorporator submitting these Articles of Incorporation and affirm that the facts stated herein are true.  I am aware that false information submitted in a document to the Department of State constitutes a third degree felony as provided for in s.817.155, F.S.  I understand the requirement to file an annual report between January 1st and May 1st in the calendar year following formation of this corporation and every year thereafter to maintain "active" status.

## Article VII

The initial officer(s) and/or director(s) of the corporation is/are:

Title:  PRES
YANIRA  DIAZ
4381 NW 5TH STREET
MIAMI DADE, FL.  33126  US

Title:  VPRE
EDUARDO  VIGIL
4381 NW 5TH STREET
MIAMI DADE, FL.  33126  US

## Article VIII

The effective date for this corporation shall be:

11/30/2016

Florida Department of State

DIVISION OF CORPORATIONS



Previous on List    Next on List    Return to List

No Filing History

| | Fictitious Name Owner Search |
| Submit |

# Fictitious Name Detail

### Fictitious Name

JUST INSURANCE BROKERS

### Filing Information

| | |
|---|---|
| Registration Number | G16000139099 |
| Status | ACTIVE |
| Filed Date | 12/27/2016 |
| Expiration Date | 12/31/2021 |
| Current Owners | 1 |
| County | BROWARD |
| Total Pages | 1 |
| Events Filed | NONE |
| FEI/EIN Number | 81-4581704 |

### Mailing Address

4381 NW 5 ST
MIAMI, FL 33126

### Owner Information

VIGIL INSURANCE SERVICE
1946 TYLER ST
HOLLYWOOD, FL 33020
FEI/EIN Number: 81-4581704
Document Number: P16000095076

### Document Images

12/27/2016 -- Fictitious Name Filing   View image in PDF format

Previous on List    Next on List    Return to List

No Filing History

| | Fictitious Name Owner Search |
| Submit |

Florida Department of State, Division of Corporations



## APPLICATION FOR REGISTRATION OF FICTITIOUS NAME

REGISTRATION# G16000139099

**Fictitious Name to be Registered:** JUST INSURANCE BROKERS

**Mailing Address of Business:**     4381 NW 5 ST
                                      MIAMI, FL  33126

**Florida County of Principal Place of Business:** BROWARD

**FEI Number:** 81-4581704

**Owner(s) of Fictitious Name:**

    VIGIL INSURANCE SERVICE
    1946 TYLER ST
    HOLLYWOOD, FL  33020    BR
    Florida Document Number: P16000095076
    FEI Number: 81-4581704

**FILED**
**Dec 27, 2016**
**Secretary of State**

I the undersigned, being an owner in the above fictitious name, certify that the information indicated on this form is true and accurate. I further certify that the fictitious name to be registered has been advertised at least once in a newspaper as defined in Chapter 50, Florida Statutes, in the county where the principal place of business is located.  I understand that the electronic signature below shall have the same legal effect as if made under oath and I am aware that false information submitted in a document to the Department of State constitutes a third degree felony as provided for in s. 817.155, Florida Statutes.

YANIRA DIAZ _____     12/27/2016 _____
   Electronic Signature(s)                                                      Date

**Certificate of Status Requested ( )**     **Certified Copy Requested ( )**

## Detail by Entity Name

Florida Profit Corporation

VIGIL INSURANCE SERVICES BEST CORP

### Filing Information

| | |
|---|---|
| **Document Number** | P18000019471 |
| **FEI/EIN Number** | NONE |
| **Date Filed** | 02/27/2018 |
| **Effective Date** | 02/27/2018 |
| **State** | FL |
| **Status** | ACTIVE |

### Principal Address

2217 NORTH STATE RD 7
HOLLYWOOD, FL 33021

### Mailing Address

2217 NORTH STATE RD 7
HOLLYWOOD, FL 33021

### Registered Agent Name & Address

DIAZ, YANIRA
4381 NW 5TH STREET
MIAMI, FL 33126

### Officer/Director Detail

Name & Address

Title P

DIAZ, YANIRA
4381 NW 5TH STREET
MIAMI, FL 33126

Title VP

VIGIL, EDUARDO
4381 NW 5TH STREET
MIAMI, FL 33126

### Annual Reports

No Annual Reports Filed

### Document Images

02/27/2018 -- Domestic Profit    View image in PDF format



PLAINTIFF'S
EXHIBIT
D

# Electronic Articles of Incorporation
## For

P18000019471
FILED
February 27, 2018
Sec. Of State
mtmoon

VIGIL INSURANCE SERVICES BEST CORP

The undersigned incorporator, for the purpose of forming a Florida profit corporation, hereby adopts the following Articles of Incorporation:

## Article I

The name of the corporation is:

VIGIL INSURANCE SERVICES BEST CORP

## Article II

The principal place of business address:

2217 NORTH STATE RD 7
HOLLYWOOD, FL.  33021

The mailing address of the corporation is:

2217 NORTH STATE RD 7
HOLLYWOOD, FL.  33021

## Article III

The purpose for which this corporation is organized is:

ANY AND ALL LAWFUL BUSINESS.

## Article IV

The number of shares the corporation is authorized to issue is:

1000

## Article V

The name and Florida street address of the registered agent is:

YANIRA  DIAZ
4381 NW 5TH STREET
MIAMI, FL.  33126

I certify that I am familiar with and accept the responsibilities of registered agent.

Registered Agent Signature:   YANIRA DIAZ

P18000019471
FILED
February 27, 2018
Sec. Of State
mtmoon

## Article VI

The name and address of the incorporator is:

YANIRA DIAZ
4381 NW 5TH STREET

MIAMI  FL  33126

Electronic Signature of Incorporator:   YANIRA DIAZ

I am the incorporator submitting these Articles of Incorporation and affirm that the facts stated herein are true. I am aware that false information submitted in a document to the Department of State constitutes a third degree felony as provided for in s.817.155, F.S. I understand the requirement to file an annual report between January 1st and May 1st in the calendar year following formation of this corporation and every year thereafter to maintain "active" status.

## Article VII

The initial officer(s) and/or director(s) of the corporation is/are:

Title:  P
YANIRA  DIAZ
4381 NW 5TH STREET
MIAMI, FL.  33126  US

Title:  VP
EDUARDO  VIGIL
4381 NW 5TH STREET
MIAMI, FL.  33126  US

## Article VIII

The effective date for this corporation shall be:

02/27/2018

Sunbiz.org - Florida Department - State

Page 1 of 1

Florida Department of State

DIVISION OF CORPORATIONS



Previous on List     Next on List     Return to List

No Filing History

Fictitious Name Owner Search

Submit

# Fictitious Name Detail

### Fictitious Name

JUST INSURANCE BROKERS

### Filing Information

| | |
|---|---|
| Registration Number | G18000030794 |
| Status | ACTIVE |
| Filed Date | 03/05/2018 |
| Expiration Date | 12/31/2023 |
| Current Owners | 1 |
| County | BROWARD |
| Total Pages | 1 |
| Events Filed | NONE |
| FEI/EIN Number | NONE |

### Mailing Address

2117 N STATE RD 7
HOLLYWOOD, FL 33021

### Owner Information

VIGIL INSURANCE SERVICES BEST CORP
2117 N STATE RD 7
HOLLYWOOD, FL 33021
FEI/EIN Number: 81-4581704
Document Number: P18000019471

### Document Images

03/05/2018 -- Fictitious Name Filing     View image in PDF format

Previous on List     Next on List     Return to List

No Filing History

Fictitious Name Owner Search

Submit

Florida Department of State, Division of Corporations



PLAINTIFF'S
EXHIBIT

## APPLICATION FOR REGISTRATION OF FICTITIOUS NAME

REGISTRATION# G18000030794

**Fictitious Name to be Registered:**  JUST INSURANCE BROKERS

**Mailing Address of Business:**        2117 N STATE RD 7
                                        HOLLYWOOD, FL  33021

**Florida County of Principal Place of Business:**  BROWARD

**FEI Number:**

                                              **FILED**
                                         **Mar 05, 2018**
                                       **Secretary of State**

**Owner(s) of Fictitious Name:**

    VIGIL INSURANCE SERVICES BEST CORP
    2117 N STATE RD 7
    HOLLYWOOD, FL  33021
    Florida Document Number: P18000019471
    FEI Number: 81-4581704

I the undersigned, being an owner in the above fictitious name, certify that the information indicated on this form is true and accurate. I further certify that the fictitious name to be registered has been advertised at least once in a newspaper as defined in Chapter 50, Florida Statutes, in the county where the principal place of business is located.  I understand that the electronic signature below shall have the same legal effect as if made under oath and I am aware that false information submitted in a document to the Department of State constitutes a third degree felony as provided for in s. 817.155, Florida Statutes.

YANIRA DIAZ                                              03/05/2018
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾      ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
    Electronic Signature(s)                              Date


**Certificate of Status Requested ( )**        **Certified Copy Requested ( )**



PLAINTIFF'S
EXHIBIT

| Agency Address |
| --- |
| 4539 Hollywood Blvd Hollywood, Florida 33021 |
| 9845 Pines Blvd  Pembroke Pines, Florida 33024 |
| 162 NE 167 St. North Miami, Florida 33162 |
| 4729 NW 183rd Street Miami, Florida 33055 |
| 17171 Pines Blvd  Pembroke Pines, Florida 33027 |
| 16772 NW 67 Ave Miami, Florida 33015 |
| 7590 NW 186 ST  Miami Lakes, Florida 33015 |
| 9495 NW 27 AVE Miami, Florida 33147 |
| 2106 NE 123 Street North Miami, Florida 33181 |
| 18600 NW 87th Ave  Hialeah, Florida 33015 |
| 1930 N Commerce Parkway Weston, Florida 33326 |
| 5445 Palm Ave  Hialeah, Florida 33012 |
| 4915 E 2nd Ave Hialeah, Florida 33013 |
| 3946 East 4th Avenue  Hialeah, Florida 33013 |
| 1550 West 84 Street,  Hialeah, Florida 33014 |
| 419 West 49th  Hialeah, Florida 33012 |
| 1200 West 49 Street   Hialeah, Florida 33012 |
| 1420 W 68th Street Hialeah, Florida 33014 |
| 3333 Palm Avenue  Hialeah, Florida 33012 |
| 2350 West 60 Street Unit 4  Hialeah, Florida 33016 |
| 5900 West 16th Avenue  Hialeah, Florida 33012 |
| 7751 West 28 Avenue  Miami, Florida 33016 |
| 741 E 10th St  Hialeah, Florida 33010 |
| 1501 East Atlantic Boulevard  Pompano Beach, Florida 33060 |
| 8242 NW 103 ST  Hialeah Gardens, Florida 33016 |
| 7801 NW 95 St Suite 3  Hialeah Gardens, Florida 33016 |
| 1290 W 49th St  Hialeah, Florida 33012 |
| 4410 W 16 Ave Unit 8A  Hialeah, Florida 33012 |
| 692 W 29 ST Suite 7  Hialeah, Florida 33012 |
| 9251 W Flagler Street, Suite B-102 Miami, Florida 33172 |
| 1890 SW 57 Avenue, Suite 105 Miami, Florida 33155 |
| 1450 NW 87th Ave Suite 106 Doral, Florida 33172 |
| 7278 SW 8 ST Miami, Florida 33144 |
| 6505 Southwest 8th Street Miami, Florida 33144 |
| 61 Grand Canal Dr Miami, Florida 33144 |
| 2470 NW 102 Pl #107 Doral, Florida 33172 |
| 2267 Coral Way Miami, Florida 33145 |
| 4745 SW 8 ST Miami, Florida 33134 |
| 5811 West Flagler Street Miami, Florida 33144 |
| 9028 NW 25th Street Doral, Florida 33172 |
| 1101 SW 27th Ave Miami, Florida 33135 |
| 7330 NW 8th ST Miami, Florida 33126 |
| 1390 Brickell Avenue Suite 335 Miami, Florida 33131 |
| 221 SW 42 Avenue Miami, Florida 33134 |
| 2272 SW 8 Street Miami, Florida 33135 |
| 3805 W Flagler Street Miami, Florida 33134 |