UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:18-CV-23830

YANIRA DIAZ RUBIO,

    Plaintiff,
v.

UNIVISTA HOLDINGS INC,
and IVAN HERRERA, individually

    Defendants,

## MOTION TO AMEND THE COMPLAINT BY PLAINTIFF

Comes Now, Plaintiff, by and through their undersigned counsel, and hereby request leave to amend the Complaint.

1. Plaintiff seeks leave to amend the Complaint to correct the names of the Defendants.

2. This Motion is brought in good faith and will not prejudice the Defendants as there has yet to be any discovery conducted, the case is still in the preliminary stage of litigation as it was only filed 5 weeks ago and Defendant did not make an appearance until 09/30/18, 3 weeks ago.

3. Federal Rule of Civil Procedure 15(a)(2) permits a party to amend its pleadings by leave of court or by written consent of the adverse party.

4. The decision to grant or deny a motion to amend pleadings is within the sound discretion of the trial court. Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 598 (5th Cir. 1981).

5. The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading. Id. Thus, unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. Id.

6. In this matter, there is no undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party.

7. Counsel for both parties first discussed via phone on June 7, 2018 as a Circuit Court Case was pending in regard to a non-competition agreement between the parties.

8. In the Circuit Court Case, the Individual Defendant Ivan amongst others, brought a breach of non-competition agreement against a former employee as only an employer can have a non-competition agreement with someone they have control over, insinuating that the Individual Defendant Ivan was at least one of the employers of Plaintiff.

9. During this conference call, the then pending unpaid wage case was discussed.

10. Despite name calling on the phone, Plaintiff's counsel agreed to meet Defendants' counsel in person at their own office on June 12, 2018.

11. During the June 12, 2018, which was in a Univista Office, the parties discussed settlement and counsel for Defendants went own to explain how he worked for the "owner" Ivan, but they had a long past and previous Ivan had worked for Defendants' counsel.

12. At no point did Defendants' counsel note that the Defendants named in this lawsuit, never employed Plaintiff despite discussing the unpaid wage case.

13. Defendants' counsel's only response to the discussion about unpaid wage claims was that they dealt with it before and will deal with it again if needed.

14. On 06/18/2018, counsel for both parties agreed to stay the Circuit Court Case litigation until a settlement was investigated.

15. AN Law Firm PA filed a Notice of Appearance on 06/20/2018 in the Circuit Court Case pending between all parties for the limited representation of attempting to reach a settlement without the need for further litigation.

16. The only pleading filed by AN Law Firm PA during its representation was an agreed motion for extension of time that was agreed upon by the Defendant as the parties were "conferring to determine if an amicable resolution [could] be reached."

17. On 07/11/2018, Plaintiff's counsel informed Defendants' counsel that if no resolution was reached, new counsel would take over to litigate the Circuit Court Case.

18. Since no resolution was possible, AN Law Firm PA was replaced as counsel in the Circuit Court Case on 07/24/2018.

19. Defendants counsel filed an Answer and Affirmative Defenses in response to the Federal Unpaid Wage case prior to being served with the Complaint and Summons.

20. There was no communication between the parties before the Answer was filed in Federal court.

21. In Defendants' Answer, its simple states that Defendants are not the employer but does not explain that Plaintiff actual worked for a franchise of the Defendants' which was owned by a third party.

22. Plaintiff's counsel set a conference call for October 16, 2018, as it was not possible to confer with Defendants' counsel via email.

23. During the October 16, 2018, conference, Plaintiff's counsel specially asked Defendants' counsel regarding the allegations in Defendants' Answer that Plaintiff did not work for Defendants. Defendants' counsel's response was we will discuss that issue during mediation.

24. Plaintiff's counsel again asked if some information o documents could be provided other than a denial that Plaintiff worked for Defendants without any explanation, counsel for Defendants refused to further explain.

25. At no point during the October 16, 2018 phone conference did Defendants' counsel explain that Plaintiff actual worked for a franchise of the Defendants' which was owned by a third party.

26. In fact, when Defendants' counsel followed up with Plaintiff after the call via email, all Defendants' counsel explained was: "This will further confirm that you were advised by the undersigned that Your complaint is frivolous and lacks legal and/or factual merit and should be dismissed. We do not wish to take up the Courts valuable time with unnecessary settlement conferences…. It was requested that you immediately dismiss the lawsuit against my clients with prejudice and agree to pay my clients reasonable attorney's fees incurred through the date of dismissal."

27. Plaintiff's counsel responded with, "Well not only did I disclose this lawsuit before it was filed, but I also went to your office and explained the claim and not once until after the lawsuit was filed did you mention that she did not work for the company during those dates."

28. In less than 24 hours, Defendants' counsel filed a Motion for Sanctions without ever providing Plaintiff notice, nor a copy of the motion, explanation, etc.

29. This was the first time Defendants' counsel explained that that Plaintiff actual worked for a franchise of the Defendants' which was owned by a third party.

30. Plaintiff immediately agreed to amend the complaint in less than 24 hours, by 1:08 PM.

31. Defendants' counsel did not respond for 3 days despite Plaintiff following up.

32. After following up multiple times, Defendants' object to the allow Plaintiff to amend the complaint because: "Due to the serious nature of this matter, we cannot agree to your request." [In 52-point font].

33. Plaintiff responded, "I understand but not discussing this with me prior to filing the motion, especially since I attempted to discuss this with you before you filed your motion and you told me you did not want to discuss until mediation and filed a motion days later, we could have saved your client the time, money, etc., of the motion and this issue would have been resolved. Not agreeing with the motion just further frustrates the process and creates more needless expenses."

34. Although Defendants' counsel responded back denying to delaying the conversation as to the proper Defendants until mediation, tellingly, in Defendants'

counsel own summary, of the party's previous conversations, it lacks any details as to whom the proper Defendant should be but instead states:

> Since the commencement of the Circuit Court case for breach of the non-compete agreement against Diaz Rubio, you have been threatening to file an overtime wage claim in retaliation for the subject lawsuit. When you mentioned to me that you would be asserting that as a "first breach" defense, I explained to you that that defense was completely improper and untenable inasmuch as your client had always been paid for any and all overtime actually worked. I further explained to you that Baluja had an employee time keeping system however you countered by claiming that, during the first few months of her employment, no such system existed and you would use that "gap" as a basis to claim that she worked overtime during that period. At that time I advise you that Ms. Diaz Rubio had never complained of any alleged overtime wages being due to her and that my client would take any and all legal action necessary to protect their reputation and that action would include seeking sanctions against you and your client for abuse of process.

35. At all times during counsel's conversation regarding settlement, previous to this lawsuit being filed, Individual Defendant Ivan was represented as the owner of the company. It was never represented that the Individual Defendant Ivan did not employee the Plaintiff even when notice was given prior to this lawsuit being filed for unpaid wages.

WHEREFORE, Plaintiff respectfully request this Court grant its motion and allow Plaintiff to file its Amended Complaint on or before 20 days after the order is entered, attorney fees and costs associated with the motion and any other relief under the law that may apply.

## CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

> Respectfully Submitted,
> **/s/ Alberto Naranjo**
> AN@ANLawFirm.com
> AN Law Firm, P.A.
> 7900 Oak Lane #400
> Miami Lakes, FL 33016
> Telephone: 305-942-8070
> ***ATTORNEYS FOR THE PLAINTIFF***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on October 24, 2018. I also certify that the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filings.

> By:
> /s/ Alberto Naranjo