

**Alberto Florida Employment Attorney <an@anlawfirm.com>**

---

## Re: Case 1:18-cv-23830-FAM RE: RUBIO v. UNIVISTA HOLDINGS INC et al
1 message

---

**Juan Carrera Law** <juancarreralaw@aol.com>  Mon, Oct 22, 2018 at 12:46 PM
To: an@anlawfirm.com

Dear Mr.Naranjo:

    My office notes, which are entered contemporaneously with the event, clearly show that on October 16, 2018, in response to your email which provided me your cell phone number, I called you and we not only discussed the selection of the mediator pursuant to the Courts Order, but I also advised you that your lawsuit against my clients was frivolous and lacked legal and factual merit and should be dismissed with prejudice and that my clients attorney's fees should be paid. Upon not receiving the requested relief from you, I proceeded to file our motion. My conversation with you was memorialized in a subsequent email, also of October 16, 2018 at approximately 1:10 PM, wherein I reiterated the foregoing. At no time did I advise you that we would defer the discussion of this matter until mediation. Your recollection is incorrect.

    Since the commencement of the Circuit Court case for breach of the non-compete agreement against Diaz Rubio, you have been threatening to file an overtime wage claim in retaliation for the subject lawsuit. When you mentioned to me that you would be asserting that as a "first breach" defense, I explained to you that that defense was completely improper and untenable inasmuch as your client had always been paid for any and all overtime actually worked. I further explained to you that Baluja had an employee time keeping system however you countered by claiming that, during the first few months of her employment, no such system existed and you would use that "gap" as a basis to claim that she worked overtime during that period. At that time I advise you that Ms. Diaz Rubio had never complained of any alleged overtime wages being due to her and that my client would take any and all legal action necessary to protect their reputation and that action would include seeking sanctions against you and your client for abuse of process.

    The nature of the allegations which you filed against Ivan Herrera are so reckless and egregious that it doesn't appear as if there's any manner in which you can "un-ring the bell".

    Mr. Naranjo I assure you that I am not the one who is "frustrating the process" or "creating needless expense" by not agreeing to your motion to amend.

    Regrettably, <u>you</u> have created an untenable situation and my clients and I stand by our motion for sanctions.

Juan M. Carrera Esq.
**CARRERA & AMADOR, P.A.**

221 S.W. LeJeune Rd.
Third Floor
Miami, Florida 33134
Telephone (305) 441-1544
Email address: JuanCarreraLaw@aol.com

-----Original Message-----
From: Alberto Florida Employment Attorney <an@anlawfirm.com>
To: JuanCarreraLaw <juancarreralaw@aol.com>
Sent: Mon, Oct 22, 2018 11:13 am
Subject: Re: Case 1:18-cv-23830-FAM RE: RUBIO v. UNIVISTA HOLDINGS INC et al

I understand but not discussing this with me prior to filing the motion, especially since I attempted to discuss this with you before you filed your motion and you told me you did not want to discuss until mediation and filed a motion days later, we could have saved your client the time, money, etc., of the motion and this issue would have been resolved. Not agreeing with the motion just further frustrates the process and creates more needless expenses.

What can we do to correct this?

On Mon, Oct 22, 2018 at 9:42 AM Juan Carrera Law <juancarreralaw@aol.com> wrote:
> Mr Naranjo,
> Due to the serious nature of this matter, we cannot agree to your request.
>
> Juan M. Carrera, Esq.
> CARRERA & AMADOR, P.A.
>
> On Oct 19, 2018, at 6:04 PM, Alberto Florida Employment Attorney <an@anlawfirm.com> wrote:
>
>> Any update on this?
>>
>> On Thu, Oct 18, 2018 at 1:08 PM Alberto Florida Employment Attorney <an@anlawfirm.com> wrote:
>>> Do you agree to let us file the attached Amended Complaint, correcting the names of the Defendants?
>>>
>>> -AN